UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,    CASE NO: 00-6154-CR-DIMITROULEAS

    Plaintiff,

vs.

MARTIN ZARCADOOLAS,

    Defendant.

                             /

## MARTIN ZARCADOOLAS' MOTION (1) FOR BILL OF PARTICULARS; (2) TO DISMISS COUNT 2; (3) TO DISMISS COUNT 5; (4) FOR INSPECTION AND COPYING OF TAPE RECORDINGS AND TRANSCRIPTS OF CONVERSATIONS BETWEEN ZARCADOOLAS AND ALBERT POLITO; (5) TO EXCLUDE TAPE RECORDINGS, OR EVIDENCE OF CONVERSATIONS BETWEEN PERSONS THAT REFER TO "MARTY" AND (6) TO STRIKE BOTH IRRELEVANT AND PREJUDICIAL ALLEGATIONS AND THE ALIAS "MARTY" FROM THE INDICTMENT

       Martin Zarcadoolas (Zarcadoolas) is filing six motions in this one pleading; two motions seek discovery that the government has refused to produce; two seek to exclude evidence from trial; and two seek orders dismissing Count 2 and Count 5.

### MOTION FOR BILL OF PARTICULARS

       Martin Zarcadoolas, pursuant to Fed.R.Cr.P. 7(f) moves for an order requiring the government to state with particularity:

       1. The names of those persons not charged in this indictment that the government claims, in Count 1, were (a) "employed by or associated with the South Florida Crew of the Colombo Family . . . ." and (b) co-conspirators "known to the grand jury" who conducted and participated in the affairs of the RICO enterprise;



2. The names of the "numerous individuals in South Florida" to whom

Zarcadoolas and the co-defendants conspired to "make extortionate extensions of credit."

(Count 3);/[1]

3. The names of those persons the government claims are "known to the grand

jury" that conspired with Zarcadoolas "to participate in use of extortionate means to

collect and attempt[ed] to collect extensions of credit . . . ." (Count 4);

4. Where, other than the Southern District of Florida, Zarcadoolas committed, or

attempted to commit the crimes alleged in Counts 1, 2, 3, 4 and 5. ("[I]n the Southern

District of Florida and elsewhere . . . .").

A limited Bill of Particulars is required here because these five counts in which

Zarcadoolas is named are so vague, ambiguous and indefinite they do not apprise him of

the charges with sufficient specificity to permit adequate defense. A Bill of Particulars

also is required so that Zarcadoolas may plead any judgment in this case in bar of any

later proceeding against him based on the same alleged offenses. Wong Tai v.

United States, 273 U.S. 77 (1927) and United States v. Haas, 583 F.2d 216

(5th Cir. 1978), cert. denied, 440 U.S. 981 (1979).

"A Bill of Particulars is a proper procedure for discovering the names of

---

[1] The government, in a July 31, 2000, letter to Zarcadoolas' counsel, said that the identities of the "co-conspirators" and "extortion victims" are contained in the hundreds of hours of consensual and intercepted conversations.

CASE NO: 00-6154-CR-DIMITROULEAS

unindicted co-conspirators who the government plans to use as witnesses." United States
v. Barrentine, 591 F.2d 1069, 1077 (5ᵗʰ Cir.), cert. denied, 444 U.S. 990 (1979). See also
United States v. Tucker, 644 F.S. 1165, 1195 (N.D. Ala. 1986). Before Zarcadoolas may
adequately prepare his defense - - and avoid being tried again for the alleged acts that
resulted in this indictment - - he must know "where" the conspiracy occurred,[2] and the
government should apprise the defendant of the geographical extent of the conspiracy in
order to determine possible future double jeopardy." United States v. Politi,
334 F.Supp. 1318, 1321 (S.D. NY. 1971) (Bill of Particulars granted as to "where, other
than the Southern District of New York" the conspiracy occurred); United States v.
Lonzo, 793 F.Supp. 57 (S.D. NY. 1992) (where conspiracy allegedly occurred in the
charging district and "elsewhere," government must provide defendant details of the
location of "elsewhere"); and United States v. Mannino, 480 F.Supp. 1182
(S.D. NY. 1979) (same).

Count 3 charges Zarcadoolas with conspiring "to make extortionate extensions of
credit . . . to numerous individuals in South Florida."[3] The government could have, if it
chose to, simply charged Zarcadoolas with "conspiring to make extortionate extensions
of credit," without saying more. However, because the indictment claims the extension

---

[2]   The indictment only refers to "elsewhere."

[3]   18 U.S.C. §892(a) states that "[w]hoever makes any extortionate extension of
credit, or conspires to do so, shall [be punished]."

-3-

CASE NO: 00-6154-CR-DIMITROULEAS

of credit were made to "numerous individuals," the government should be required to

provide Zarcadoolas with the names of those "individuals," so he will be prepared to

meet those allegations. Naming those "numerous individuals" also will insure that "the

government will try [Zarcadoolas] on the charges that the grand jury voted, not on some

other 'charges that are not made in the indictment against him.'" United States v.

Manzano, 842 F.2d 1 (1st Cir. 1988) quoting Stirone v. United States, 361 U.S. 212

(1960). And, where it charges him with conspiring to use extortionate means to collect a

debt, the government is required to provide the defendant with the name or names of

those persons whom the defendant threatened. United States v. Tomassetta,

429 F.2d 978 (1st Cir. 1970).[4] See also United States v. Horton, 676 F.2d 1165, 1169

(7th Cir. 1981) (indictment that omitted times, dates and amounts of extortionate credit

extensions, sufficient, although "less detailed than desirable," because the existing

indictment contained "sufficient information to notify [defendant]" of the details he

sought in a bill of particulars).

---

[4]    The indictment in Tomassetta charged only that he threatened "the use of violence [to collect a debt] to cause harm to the person or certain persons . . . ." Tomassetta, supra at 979, n.1. The conviction was reversed: "In sum, this defendant could not possibly have made an adequate preparation for trial on the basis of the information contained in this indictment. "United States v. Tomassetta, supra at 980.

CASE NO: 00-6154-CR-DIMITROULEAS

## MOTION TO DISMISS COUNT 2 FOR FAILURE TO STATE A CRIME

Count 2 charges a violation of 18 U.S.C. §1955, which prohibits a person from conducting financing, managing, owning etc., an illegal gambling business. An "illegal gambling business," in turn, is defined as one that violates state law;[5] involves five or more persons etc., and "has been or remains in substantially continuous operation for a period in excess of thirty days *or has a gross revenue of $2,000 in any single day.*" 18 U.S.C.§1955(b)(2)(iii) (Emphasis added).

Count 2 of this indictment, in defining the defendants' "gambling business," states that it *"had a gross revenue of two thousand dollars ($2,000) or more on one or more single days . . ."* (Emphasis added). The plain language of the statute requires the indictment to state that the business had $2,000 in revenue in a "single day," but the indictment reads as if it had $2,000 in revenue in "more [than one] single day [ ]." Therefore, Count 2 does not state a crime. United States v. Bridges, 493 F.2d 918 (5th Cir. 1974) (conviction reversed when government failed to prove, as statute requires, that five persons each participated in gambling business for thirty days). See also Russell

---

[5]    Count 2 claims that the gambling business the defendants ran, owned, etc., was in violation of §849.26 Fla. Stat. In fact, §849.25 Fla. Stat. is the correct statute. Here, the government's reference to §849.26 Fla. Stat., does not provide the necessary element of §1955, having, a gambling business that violates state law. United States v. Hooker, 841 F.2d 1225, 1227-1228 (4th Cir. 1988) (en banc) (failure to allege an essential element of the offense. "Interstate commerce" not cured by citing to Federal statute violated).

-5-

v. United States, 369 U.S. 749 (1962) (Indictment must be specific and necessary

elements cannot be left to reference); and Standard Oil Co. of Texas, 307 F.2d 120, 130

(5th Cir. 1962) (Where indictment subject to two equal interpretations, one stating an

offense, and one that does not, the indictment is insufficient).

CASE NO: 00-6154-CR-DIMITROULEAS

## MOTION TO DISMISS COUNT 5

### A. Duplicity

Zarcadoolas is charged with conspiring to violate 18 U.S.C. §1956(a)(1)(A)(i) and §1956(a)(1)(B)(i)./[6] Section 1956(a)(1)(A)(i) prohibits a person from conducting a financial transaction involving money from a specified unlawful activity "with the intent to promote the carrying on of specified unlawful activity . . . ," while Section 1956(a)(1)(B)(i) prohibits financial transactions when the defendant knows they are "designed in whole or part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of" the unlawful activity. Count 5 charges Zarcadoolas with conspiring to violate *both* subsections of 1956(a)(1) by (1) conducting financial transactions "with the intent to promote the carrying on of an illegal gambling business *and* (2) knowing they were designed in whole or part to conceal and disguise the nature, location . . . of the [gambling business]."

While a charge is not duplicitous if it only sets out "alternate ways in which the statute may be violated," United States v. Burton, 871 F.2d 1566, 1573 (11th Cir. 1989), that is not the case here. First, these two subsections "are aimed at different activities, the first at the practice of plowing back proceeds of 'some unlawful activity' to promote that

---

[6]    Zarcadoolas is charged with violating 18 U.S.C. §1956(h): "Any person who conspires to commit any offense in this section . . . shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy."

-7-

CASE NO: 00-6154-CR-DIMITROULEAS

activity, and the second at hiding the proceeds of that activity." <u>United States v. Jackson</u>, 935 F.2d 832, 842 (7th Cir. 1991)./[7] More significant, these two subsections have different penalties.  The Sentencing Guidelines impose a base offense level of "20" for violating 18 U.S.C. §1956(a)(1)(B)(i) (concealing) and level "23" for violating §(a)(1)(A)(i) (promoting).  A charge that describes more than one way to violate a statute, is not duplicitous, provided "*each is subject to the same punishment*."  <u>United States v. Burton</u>, <u>supra</u> at 1573.  (Emphasis added), and Count 5 contains two separate ways to violate 18 U.S.C. §1956, and provides for two separate penalties.

The problem of duplicity arises if the jurors return a general verdict of "guilty" because a "general" verdict is not "unanimous . . . as to each offense contained in the count[ ] at issue, [and this violates] the Sixth Amendment."  <u>United States v. Savage</u>, 67 F.3d 1435, 1439 (9th Cir. 1995), <u>cert</u>. <u>denied</u>, 516 U.S. 1136 (1996).  In <u>Savage</u>, the defendant was charged with money laundering, and each of those counts contained two

---

[7]/

> The different aims suggest that the prosecution in a money laundering case will generally make its case under one provision or the other; only in the unusual case will the government be able to prove that a single transaction was intended to promote an illegal activity *and* conceal the origin of the funds used in that activity.

United States v. Jackson, 935 F.2d 832, 842 (7th Cir. 1991) (Emphasis in the original). See also United States v. Heaps, 39 F.3d 479 (4th Cir. 1994) ("promoting" and "concealing" charged in separate counts).

-8-

CASE NO: 00-6154-CR-DIMITROULEAS

distinctive offenses, but the defendant did not object to the form of the indictment, nor did he object to an instruction that did not provide for "specific unanimity." Id. at 1439. Nevertheless, in reviewing the issue on appeal for "plain error," the court held that the government, in alleging both the "promotion" of the unlawful activity and the intention "to conceal or disguise the nature, source . . ." of the money from the illegal activity, simply imposed an "additional burden on itself." Id. at 1439-1440./[8] The duplicity problem was cured when the jurors were instructed that they could convict the defendant only if they found that the financial transactions promoted *and* disguised the nature, location, etc. of the money. ("The jury instructions were not disjunctive. Rather, the instructions required the jury to find elements of both offenses." Id.).

> The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or both. Adverse effects on a defendant may include . . . the danger that a conviction will result from a less than unanimous verdict as to each separate offense.

United States v. Adesida, supra at 849 (citation omitted).

## B. Count 5 Does Not State A Crime

Count 5 charges Zarcadoolas with conspiring to launder money, in violation of

---

[8]    See also United States v. Fisher, 106 F.3d 622, 633 (5th Cir. 1997) (instruction that jurors must unanimously base conviction on at least one of the five offenses in conspiracy count cured duplicity problem). United States v. Adesida, 129 F.3d 846, 849 (6th Cir. 1997), cert. denied, 523 U.S. 1112 (1998) (same); and United States v. Cornillie, 92 F.3d 1108, 1110 (11th Cir. 1996) (same).

-9-

CASE NO: 00-6154-CR-DIMITROULEAS

18 U.S.C. §1956(h), but the indictment does not allege an overt act in furtherance of that

conspiracy. The Fifth Circuit almost decided the issue - - whether the indictment must

allege at least one overt act in furtherance of a money laundering conspiracy, but

ultimately side-stepped it. In United States v. Garcia Abrego, 141 F.3d 142 (5th Cir.)

cert. denied, 525 U.S. 878 (1998), the defendant complained on appeal that his conviction

for violating §1956(h) should be reversed because the "evidence was insufficient to

support [his] conviction of conspiracy to launder money." Id. at 150. This insufficiency

arose because the money laundering conspiracy count did not allege an overt act. In not

reaching the issue, the court said that:

> The Supreme Court has held that a conviction of conspiracy
> to commit a drug crime in violation of 21 U.S.C. §846 does
> not require proof of an overt act in furtherance of the
> conspiracy. *See United States v. Shabani,* 513 U.S. 10, 15,
> 115 S.Ct. 382, 385, 130 L.Ed.2d 225 (1994). Section 846 has
> language virtually identical to the language of §1956(h).
> Neither the Supreme Court nor this court has had occasion to
> determine whether 18 U.S.C. §1956(h) also lacks an overt act
> requirement. We need not address this issue here because the
> substantive money laundering offenses . . . satisfy an overt act
> requirement, should such a requirement exist.

Id. at 163-164. Because the issue has never been decided in this circuit,[9] and because

Zarcadoolas believes that §1956(h) requires at least one overt act in furtherance of the

---

[9]    In United States v. Khawaja, 118 F.3d 1454, 1456 (11th Cir. 1997) a
conspiracy to launder money charged under the "general" conspiracy statute,
18 U.S.C. §371, was upheld, because the count did contain overt acts in furtherance of
the conspiracy.

-10-

conspiracy, Count 5 should be dismissed.

CASE NO: 00-6154-CR-DIMITROULEAS

## MOTION FOR INSPECTION AND COPYING OF TAPE RECORDINGS AND TRANSCRIPTS OF CONVERSATIONS BETWEEN ZARCADOOLAS AND ALBERT POLITO

Although the transcripts of the consensually recorded conversations between Albert Polito, a cooperating government witness, and other persons, reflect that Polito had recorded conversations with Zarcadoolas, the government wrongfully refuses to allow Zarcadoolas to inspect and copy those recordings. /[10]

First, the court's June 28, 2000, "Standing Discovery Order" requires the government to permit a defendant "to inspect and copy . . . written or recorded statements made by the defendant." Second, Federal Rule of Criminal Procedure 16(a)(1)(A) requires the government to disclose and make available for inspection, and copying "*any relevant written or recorded statements made by the defendant . . . .*"

Zarcadoolas acknowledges having conversations with Polito during the time Polito was serving as a government informant, and he recalls several conversations when he, Zarcadoolas, made exculpatory statements. Polito, in engaging Zarcadoolas in conversations, and in recording them under the aegis of the government, obviously intended to elicit incriminating statements from Zarcadoolas. No matter whether those statements are inculpatory or exculpatory, they are relevant and subject to disclosure:

---

[10]/      Polito was a "target" of this investigation when the government submitted its October 16, 1998, "Application for Interception of Wire Communications." Later, Polito, with the government's approval, recorded the conversations of some of the defendants charged in this indictment.

> [T]he government should disclose any statement made by the
> defendant that may be relevant to any possible defense or
> contention that the defendant might assert. Ordinarily, a
> statement made by the defendant during the course of the
> investigation of the crime charged should be presumed to be
> subject to disclosure, unless it is clear that the statement
> cannot be relevant. Where the government is in doubt, the
> written or recorded statement should be disclosed, if a proper
> request is made.

United States v. Bailleaux, 685 F.2d 1105, 1114 (9th Cir. 1982)./[11]   See also United

States v. Ahmad, 53 F.R.D. 186, 188-189 (M.D.Pa. 1997) (defendant entitled to "all his

own relevant statements made before trial regardless of to whom made or how they were

obtained.").

---

[11]   "The government can easily assess what is relevant to its case, but it may not
be possible to discern with any certainty what is relevant from the defendant's
standpoint." United States v. Bailleaux, 685 F.2d 1105, 1114 (9th Cir. 1982).

-13-

## MOTION TO EXCLUDE TAPE-RECORDINGS, OR EVIDENCE OF CONVERSATIONS BETWEEN PERSONS THAT REFER TO "MARTY"

Zarcadoolas moves to exclude from evidence certain government-intercepted

statements made by co-defendants that refer to "Marty" without any other identifying

references.

Two "Martins" are defendants in this case - - Martin Halpern and Martin

Zarcadoolas, and in the intercepted conversations one or more of the co-defendants refers

to a "Marty," without any further identification. These statements must be excluded from

evidence:/[12]

> When a witness fails to identify a speaker whose utterances
> he purports to repeat, and when it is sought to bind the
> accused by such utterances, counsel offering that witness
> should, as a matter of sound practice apart from other
> important considerations immediately require the witness to
> identify the speaker. Similarly when a witness testifies in
> terms of conclusions such as 'he agreed' or 'they all agreed'
> or 'he made admissions,' such answers should be stricken and
> the witness should be required to state what was actually said.
> The conclusion or interpretation of a witness as to the
> meaning of what someone said is not admissible.

DeLoach v. United States, 307 F.2d 653, 655 (D.C. Cir. 1962). See also Pellowski v.

---

[12] The statements - "Marty said this" or "Marty agrees," or words to that effect, are not co-conspirator statements by the declarant, because they were not in furtherance of the conspiracy and did not advance its objectives. United States v. Broussard, 80 F.3d 1025 (5th Cir. 1996); United States v. Santos, 20 F.3d 280 (7th Cir. 1994) (statement by declarant not in furtherance of the conspiracy); and United States v. Shores, 33 F.3d 438 (4th 1994) ("idle chatter" not in furtherance of conspiracy).

-14-

<u>Burke</u>, 686 F.2d 631, 635 (8th Cir. 1982) ("this evidence, without identification of the

speaker, fails to connect defendants as wrongdoers.").

CASE NO: 00-6154-CR-DIMITROULEAS

## MOTION TO STRIKE BOTH IRRELEVANT AND PREJUDICIAL ALLEGATIONS FROM THE INDICTMENT AND THE ALIAS "MARTY"

### 1. Irrelevant and Prejudicial

Pursuant to Fed.R.Cr.P. 7(d) Marty Zarcadoolas moves to strike the following prejudicial language from this indictment:

1. Paragraphs 1-4 of Count 1 (Introduction): These paragraphs refer to "La Cosa Nostra," "organized crime," "Colombo Family" and "South Florida Crew."

2. Paragraphs 22-24 of Count 1: These paragraphs state that "members of the enterprise," which is the "South Florida Crew" of the Colombo Family (Paragraph 5, Count 1), would "use nominee owners to conceal the interests of the Colombo Family . . ," who would engage in "murder, kidnaping and assault;" and "would take all steps necessary to prevent detection by law enforcement of the criminal activities of the 'South Florida Crew' of the Colombo Family."

The language cited, if allowed to remain in this indictment, is prejudicial and irrelevant to the charges against Zarcadoolas, who is not charged with murder, kidnaping and assault. The government also is not claiming that Zarcadoolas was a member of the "Colombo Family."/[13] While Zarcadoolas recognizes that "a district court's discretion to strike material from an indictment is narrow," United States v. Oakar, 111 F.3d 146, 157

---

[13]/     The indictment specifically takes Martin Zarcadoolas out of the "Colombo Family" and "La Cosa Nostra" when it refers to him only as an "'independent agent' associated with various illegal gambling business . . . ." (Paragraph 17, Count 1).

-16-

(D.C. Cir. 1997), material that is "irrelevant and prejudicial" may be stricken. United

States v. Rezaq, 908 F.Supp. 6, 8 (D.D.C. 1995). The language here goes far beyond that

which is necessary to allege a violation of any of the crimes with which Zarcadoolas is

charged. United States v. Hood, 200 F.3d 639, 642 (5th Cir. 1953) (language apparently

adds nothing to the offense charged and may be unnecessarily prejudicial [and]

appropriate remedy is . . . by motion to strike . . . ."); and even if relevant to prove the

government's case as to some of the defendants, it is not relevant to the government's

case against Marty Zarcadoolas. Worse, the language is extremely prejudicial:

> The purpose of [rule 7(d)] is to protect the defendant against
> prejudicial allegations of irrelevant or immaterial facts.
> Prosecutors have been known to insert unnecessary
> allegations for "color" or "background" hoping that these will
> stimulate the interest of jurors.

United States v. Brighton Building and Maintenance, 435 F.Supp 222, 230-231

(N.D. Ill. 1977) (Citations omitted). That is what the government has done here - - it has

added irrelevant and prejudicial allegations, none relevant to Zarcadoolas, in the hope of

painting a grim and violent picture of Zarcadoolas through his alleged association with

extortionists and murderers that are members of the "Colombo Crime Family." These

prejudicial statements - - guilt by association - - must be stricken. United States v.

Singleterry, 646 F.2d 1014, 1018 (5th Cir. Unit A 1981) (Improper to convict by

"showing [defendant] associates with unsavory characters . . . .").

-17-

CASE NO: 00-6154-CR-DIMITROULEAS

## 2. A.K.A. Marty

Again, there are two "Martins" in this indictment - Halpern and Zarcadoolas but only Zarcadoolas has an "a/k/a Marty" attached to his name. The transcripts of the intercepted and consensually monitored conversations contain hundreds of references to "Marty" and without any further identification, the jury will conclude that any prejudicial or incriminating reference to "Marty" is a reference to Marty Zarcadoolas, when in fact they refer to Martin Halpern. DeLoach v. United States, supra.

Respectfully submitted,

DAVID G. VINIKOOR, P.A.
420 S. E. Twelfth Street
Fort Lauderdale, FL 33116
Tel: (954) 522-2500
Fax: (954) 522-7278

By: _____
DAVID G. VINIKOOR

-18-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Martin Zarcadoolas'

1. Motion for Bill of Particulars; to Dismiss Count 2, etc.

2. Motion to Suppress;

3. Motion to Adopt Motions of Co-Defendants;

4. Motion for Leave to File Further Motions; and

5. Motion to Exclude Derogatory Characterizations from Tape-Recordings;

have been furnished by mail this _//_ day of September, 2000, to the following:

Paul F. Schwartz
Assistant U. S. Attorney
500 East Broward Boulevard
Suite 700
Fort Lauderdale, FL 33394

John Cotrone, Esquire
509 S. E. 9th Street
Fort Lauderdale, FL 33316
(Counsel for Michael Eddy)

H. Dohn Williams, Esquire
721 N. E. 3rd Avenue
Fort Lauderdale, FL 33304
(Counsel for Joseph Rotunno)

Michael Dutko, Esquire
600 South Andrews Avenue, Suite 500
Fort Lauderdale, FL 33301
(Counsel for Kaiser Akel)

William Norris, Esquire
3225 Aviation Avenue, Suite 300
Coconut Grove, FL 33133-4741
(Counsel for Percy Morris)

Thomas D. Sclafani, Esquire
200 East Broward Boulevard, Suite 1210
Fort Lauderdale, FL 33301
(Counsel for Richard D'Onofrio)

Dennis R. Bedard, Esquire
1717 North Bayshore Drive, Suite 102
Miami, FL 33132
(Counsel for Berk Caskill)

Herb Cohen, Esquire
200 S. E. 6th Street, Suite 205
Fort Lauderdale, FL 33301
(Counsel for Scott Miller)

Jim Stark, Esquire
524 South Andrews Avenue, Suite 304N
Fort Lauderdale, FL 33301
(Counsel for Gary Braeseke)

Michael Hursey, Esquire
One River Plaza, Suite 701
305 South Andrews Avenue
(Counsel for Jeanne Brooks)

Ira Loewy, Esquire
800 Brickell Avenue, PH #2
Miami, FL 33131
(Counsel for Martin Halpern)

Martin Bidwell, Esquire
Federal Public Defender's Office
101 N. E. 3rd Avenue, Suite 202
Fort Lauderdale, FL 33301-1100
(Attorney for Emro Capri)

Simon T. Steckel, Esquire
701 Brickell Avenue, Suite 3260
Miami, FL 33131
(Counsel for William Hawkins)

Larry Bronson, Esquire
80 Pine Street, 32nd Floor
New York, NY 10005
(Counsel for Barbara Drezek)

Philip R. Horowitz, Esquire
Southpark Centre
12651 South Dixie Highway
Miami, FL 33156
(Counsel for James Travers)

Raymond C. Miller, Esquire
400 S. E. Sixth Street
Fort Lauderdale, FL 33301
(Counsel for Martin Zarcadoolas)

Allen Kaufman, Esquire
2900 North Dixie Highway, Suite 201
Oakland Park, FL 33334
(Counsel for Reynolds Maragni)

By: _____
        DAVID G. VINIKOOR