UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,    CASE NO: 00-6154-CR-DIMITROULEAS

    Plaintiff,

vs.

MARTIN ZARCADOOLAS,

    Defendant.

_____/

## MOTION TO EXCLUDE DEROGATORY CHARACTERIZATIONS FROM TAPE-RECORDINGS

Martin Zarcadoolas moves to exclude from the tape recordings of the conversations that were intercepted pursuant to the orders authorizing those interceptions, all derogatory remarks and characterizations about religious, ethnic and racial groups. These remarks, which unfortunately permeate these conversations, were made by persons who were unaware that their conversations were being recorded, and are not probative or relevant to the charges here./[1]

> The court, in its discretion, may edit highly offensive
> language to mitigate substantial prejudice to the
> defendants . . . the court may delete or substitute the offensive
> language if such action does not destroy the probative value
> of the tapes.

United States v. Andreas, 23 F.Supp.2d 835, 845 (1998). See also United States v. Frasch, 818 F.2d 631 (the offensive word "nigger," in a racketeering, extortion and tax

---

[1]  F.R.E. 403 allows the court to exclude evidence, even if relevant, if its "probative value is substantially outweighed by the danger of unfair prejudice . . . ."



CASE NO: 00-6154-CR-DIMITROULEAS

case, had "little or no probative value, but a great deal of prejudicial potential," substitution of a "neutral word" might have mitigated the prejudicial effect of the defendant's remarks). Given the varied ethnic, religious and racial composition of juries, this language - again, simply gratuitous and offensive, but not relevant to the charges here, will offend jurors and unnecessarily prejudice Zarcadoolas.

                Respectfully submitted,

                DAVID G. VINIKOOR, P.A.
                420 S. E. Twelfth Street
                Fort Lauderdale, FL 33116
                Tel: (954) 522-2500
                Fax: (954) 522-7278

By: _____
     DAVID G. VINIKOOR