UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,    CASE NO.: 00-6154-CR-DIMITROULEAS

    Plaintiff,

v.

MARTIN ZARCADOOLAS, et al.

    Defendant.
_____/

### MOTION TO SEVER DEFENDANT

    COMES NOW, the Defendant, MARTIN ZARCADOOLAS, by and through his undersigned counsel, respectfully moves this Honorable Court pursuant to Rule 14 of the Federal Rules of Criminal Procedure, to grant him relief from a prejudicial joinder of defendants by ordering a separate trial upon the Indictment from the trial of Defendants Maragni and Rotunno and as grounds would state as follows:

    1. This motion is made upon an accompanying memorandum of law. This motion is made upon the ground that the present joinder threatens the above named defendant with an inheretantly prejudicial situation in which it will be utterly impossible to obtain a fair and impartial trial.

    2. This Indictment applies to 18 defendants and contains 6 counts. The first count is a Conspiracy Count charging R.I.C.O.. The Government alleges that the enterprise is the "South Florida Crew" of the Columbo Family. The Government alleges that the pattern of the racketerring activity consisted of multiple acts



including violations of Title 18, U.S.C., Section 1955 (Illegal Gambling Business), Violation of Title 18 U.S.C., Section 1956 (Laundering of Monetary Instruments and Conspiracy to do so), Violation of Title 18, U.S.C., Section 892 (Making Extortionate Extensions of Credit and Conspiracy to do so), Violations of Title 18, U.S.C., Section 894 (Collection of Extensions of Credit by Extortionate Means and Conspiracy to do so), Violations of Title 18, U.S.C., Section 2315 (Sale and Receipt of Stolen Goods), Violation of Florida State Statute Section 838.016 (Bribery), Violations of Title 18, U.S.C., Section 1341 (Mailfraud), Violations of Title 18, U.S.C., Section 1343 (Wirefraud), Violations of Title 18, U.S.C., Section 1029 (Fraud in Connection with Access Devices and Conspiracy to do so), and Violations of Title 18, U.S.C., Section 1344 (Bankfraud). As to the manner and means of the conspiracy, the Government alleges that it was part of the conspiracy that the members of the enterprise would engage in conduct designed to protect their interest in property obtained through criminal activity including <u>murder</u>, <u>kidnapping</u>, and <u>assault</u>.

3. That pursuant to Rule 16 of the Federal Rules of Criminal Procedure and the Court's Standing Discovery Order, the Government gave notice of its intent to offer expert testimony regarding organized crime affiliations and gambling in the present Indictment. The government indicated that it will offer during its' case in chief the testimony of John L. Stubbing, Coordinating Supervisor, a Special Agent of the Organized Crime Branch of the New York Office of the Federal Bureau of

Investigation whose qualifications were summarized in a discovery letter to counsel. His qualifications included, among other things, in 1990 being designated Principal Relief Supervisor for the Bonanno Squad (a New York Organized Crime Family), in addition to assuming responsibility for investigating the Columbo La Cosa Nostra Family (L.C.N.). The Government has indicated that Supervising Special Agent Stubbing will testify regarding the organized crime affiliation of the defendants in the instant case. According to the Government, Stubbing will testify that Rotunno and Maragni are associates of the Columbo Organized Crime Family. In addition, Stubbing will testify regarding statements made by co-conspirators as they relate to the activities of organized crime members and associates in South Florida, New York and elsewhere. Among other things, the Government is intending to use Supervising Special Agent Stubbing to render "structure" testimony regarding the Columbo Family of La Cosa Nostra. Supervising Special Agent Stubbings "structure" testimony alleging Maragni and Rotunno as associates of the Columbo Organized Crime Family is inherently, and more importantly improperly prejudicial to the Defendant so as to deny him a fair determination of his guilt or innocence.

4. It is expected that Stubbing will present testimony that La Cosa Nostra is a secret national organization of Italian men dedicated to making money by whatever means are necessary. It is anticipated that Stubbing would testify as to the heiarchy of La Cosa Nostra, and perhaps as to certain ceremoneous activity that takes place amongst La Cosa Nostra members.

5.  Zarcadoolas is recorded on only fifteen of the nearly one thousand Title III tape recorded conversations of Rotunno. Additionally, Zarcadoolas is not recorded on any of the 41 taped cassette consensual recordings made by the Government's primary cooperating witness, Al Polito.

6.  There will be a improper prejudicial evidentiary spillover to the defendant due to this testimony resulting in severe prejudice to Defendant Zarcadoolas.

7.  The trial of Defendant Zarcadoolas with Co-Defendants Maragni and Rotunno will violate his rights to due process, equal protection, fundamental fairness, all as protected and guaranteed by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

MEMORANDUM OF LAW

Undersigned Counsel concedes that the Government, under certain circumstances is permitted to establish the organization and structure of a La Cosa Nostra Family. *United States v. Vandorn*, 925 Fd.2 1331 (11th Cir. 1991), *United States v. Daly*, 842 Fd.2 1380 (2nd Circuit). *Glardina v. United States*, 488 U.S. 821 (1988), *United States v. Locascio*, 6 Fd.3rd 924 (2nd Circuit 1993). These cases stand for the proposition that law enforcement officers with expertise in organized crime cases can present expert testimony relative to the structure, organization and hierarchy of the La Cosa Nostra Family named as the enterprise in the R.I.C.O. Counts. They may also offer an opinion as to the roles of the various defendants, premised upon

an examination of the evidence in the case. Co-Defendants Maragni and Rotunno are the only alleged non-member associates of the Columbo Crime Family. As such, all of the potential inflammatory La Cosa Nostra testimony has, if at all, a direct relationship to Maragni and Rotunno only.

Rule 14 of the Federal Rules of Criminal Procedure allows the trial court to order separate trials of the defendants where it appears that joinder of the defendants prejudices a defendant even though initial joinder was proper under Rule 8. <u>United States v. Michel</u>, 588 Fd.2 986, 1001 (5th Cir.1979). The Defendant in this case will suffer clear prejudice if a severance is not granted. In a joint trial, in a joint trial, the jurors will be unable to determine the guilt or innocence of Defendant Zarcadoolas solely on the basis of the evidence presented about Defendant Zarcadoolas and therefore severance is required. <u>United States v. Crawford</u>, 581 Fd.2 489, 491 (5th Cir.1978).

WHEREFORE, the Defendant, MARTIN ZARCADOOLAS, would respectfully request this Honorable Court grant his foregoing motion, severe the trial in this cause so that said Defendant Zarcadoolas obtains a trial separate from that of Co-Defendants Maragni and Rotunno.

## LOCAL RULE 88.9 CERTIFICATE

That undersigned counsel has attempted to communicate with Assistant United States Attorney Paul Schwartz regarding his position concerning this motion, however, undersigned counsel was unable to speak with him.

Respectfully Submitted,

RAYMOND C. MILLER, P.A.
400 Southeast Sixth Street
Fort Lauderdale, Florida 33301
BROWARD: (954) 462-3668
FAX:     (954) 462-8594

_____
Raymond C. Miller, Esq.
Florida Bar #651176
Attorney for Defendant


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. mail delivery this 1st day of September, 2000:

Paul F. Schwartz
Assistant U.S. Attorney
500 East Broward Boulevard
Suite 700
Fort Lauderdale, FL 33394

Ms. Joan Balis
Pre-Trial Services
701 Clematis Street, Suite 221
West Palm Beach, Florida 33401

H.Dohn Williams, Esq.
721 N.E. Third Avenue
Fort Lauderdale, FL 33304

William Norris, Esq.
3225 Aviation Avenue, Suite 300
Coconut Grove, Florida 33133-4741

Dennis R. Bedard, Esq.
1717 North Bayshore Drive, Suite 102
Miami, Florida 33132

John Cotrone, Esq.
509 S.E. 9th Street
Fort Lauderdale, Florida 33316

Michael Dutko, Esq.
600 S. Andrews Avenue, Suite 500
Fort Lauderdale, Florida 3301

Thomas D. Scalfani, Esq.
200 East Broward Boulevard, Suite 1210
Fort Lauderdale, Florida 33301

Herb Cohen, Esq.
200 Southeast Sixth Street, Suite 205
Fort Lauderdale, Florida 33301

Jim Stark, Esq.
524 South Andrews Avenue, Suite 304N
Fort Lauderdale, Florida 33301

Ira Loewy, Esq.
800 Brickell Avenue, Penthouse #2
Miami, Florida 33131

Simon T. Steckel, Esq.
701 Brickell Avenue, Suite 3260
Miami, Florida 333131

Philip R. Horowitz, Esq.
Southpark Centre
13651 South Dixie Highway
Miami, Florida 33156

Allen Kaufman, Esq.
2900 North Dixie Highway, Suite 201
Oakland Park, Florida 33334

Michael Hursey, Esq.
One River Plaza
305 South Andrews Avenue, Suite 701
Fort Lauderdale, Florida 33301

Martin Bidwell, Esq.
101 N.E. Third Avenue, Suite 202
Fort Lauderdale, Florida 33301

Larry Bronson, Esq.
80 Pine Street, 32nd Floor
New York, New York 10005

BY: _____
    RAYMOND C. MILLER