UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,     CASE NO.: 00-6154-CR-DIMITROULEAS

    Plaintiff,

v.

MARTIN ZARCADOOLAS, et al.

    Defendant.
_____/

## MOTION TO DISMISS COUNT 5 OF THE INDICTMENT

    COMES NOW, the Defendant, MARTIN ZARCADOOLAS, by and through his undersigned counsel, files this his Motion to Dismiss Count 5 of the pending Indictment against him and as grounds would state as follows:

    1. The present Indictment charges the Defendant in Count 5 with conspiring, confederating and agreeing with other co-defendants and with other persons known and unknown to the grand jury to commit offenses against the United States, that is, to violate Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (B)(i)(<u>Laundering of Monetary Instruments</u>).

    2. The Indictment alleges facts regarding the <u>PURPOSE AND OBJECT OF THE CONSPIRACY</u>, however, it does not allege either <u>generally</u> or specifically, <u>a monetary amount</u> alleged to have been laundered.

    3. That Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (B)(i)(<u>Laundering of Monetary Instruments</u>),



-1-

subject the Defendant, upon conviction, to a fine of not more than $500,000.00 or twice the value of the property involved in the transactions, whichever is greater, or imprisonment for not more than 20 years or both.

4.  In accordance with the Federal Sentencing Guidelines, specifically, Section 2S1.1 <u>Laundering of Monetary Instruments</u>, the Base Offense Level for this offense is 23 if convicted under 18 U.S.C., Sections 1956 (a)(1)(A), (a)(2)(A), or (a)(3)(A); or Base Offense Level 20, otherwise, however, if the value of the laundered funds exceeds $100,000.00, the Offense Level is to be increased in accordance with Section 2S1.1(b)(2)(a through n) of the Federal Sentencing Guidelines.

5.  There exists the possibility that the Base Offense Level for the Defendant could exceed the statutory maximum for the above stated crime.

6.  The Government has failed to plead a monetary amount in the Indictment against the Defendant and as such, Count 5 of the Indictment should be dismissed.

<u>MEMORANDUM OF LAW</u>

The Supreme Court recently ruled that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey v. New Jersey*, 503 U.S. __, 2000 WL 807189 at *13 (U.S.June 26, 2000). The Supreme

Court expressly excluded from that rule "the fact of a prior conviction." *Id.* The Court carefully explained, however, that the reason for the exclusion of prior convictions as factors that require proof beyond a reasonable doubt was that its decision in *Almendarez-Torres* was not being contested and that it need not revisit that issue in order to resolve the dispute in question in *Apprendi*. *See id.*

The Supreme Court acknowledged, however, that "it is arguable that *Almendarez-Torres* was *incorrectly decided*, and that a logical application of its reasoning in *Apprendi* should apply if the recidivist issue were contested." *Apprendi*, 2000 WL 807189 at *13; see also *id.* At *29 (emphases added). The Supreme Court went on to note that any revisiting of *Almendarez-Torres* would require an application of the "pleading requirement" which was ignored by the Court in *Almendarez-Torres*. *See Apprendi*, 2000 WL 807189 at *13,.15. Under the pleading requirement, "the indictment must contain an allegation of every fact which is legally essential to the punishment to be inflicted." *Id.* (quoting *United States v. Reese*, 92 U.S. 214, 232-233, 23 L.Ed. 563 (1875) (Clifford, J., concurring)).

Accepting the Supreme Court's invitation to apply its reasoning in *Apprendi* to the recidivist issue in this case leads to the logical conclusion that a monetary amount is a fact that much be charged in the Indictment and that failure to do so limits this Court to the 20 year statutory maximum sentence. Even without the dicta regarding revisiting *Almendarez-Torres*, the Supreme Court's fundamental holding in *Apprendi* is "<u>any fact</u>

that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury." *Apprendi*, 2000 WL 807189 at *13. In a federal prosecution, this reasoning also requires that any such fact must be properly pled in the indictment. *Id*. At *13n.15,*18; *see also* U.S. Const. Amend. V.[2]

Under the reasoning of *Apprendi*, the amount alleged to have been laundered is an essential element of the offense and therefore must be properly charged in the Indictment and because it hasn't in the present case, the Defendant would respectfully request this Court enter an Order dismissing Count 5 of the present Indictment.

### LOCAL RULE 88.9 CERTIFICATE

That undersigned counsel has attempted to communicate with Assistant United States Attorney Paul Schwartz regarding his position concerning this motion, however, undersigned counsel was unable to speak with him.

Respectfully Submitted,

RAYMOND C. MILLER, P.A.
400 Southeast Sixth Street
Fort Lauderdale, Florida 33301
BROWARD: (954) 462-3668
FAX:     (954) 462-8594

_____
Raymond C. Miller, Esq.
Attorney for Defendant
Florida Bar #651176

---

[2] The United States Constitution provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. Amend. V.

-4-

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. mail delivery this 11th day of September, 2000, to the following:

Paul F. Schwartz
Assistant U.S. Attorney
500 East Broward Boulevard
Suite 700
Fort Lauderdale, FL 33394

Ms. Joan Balis
Pre-Trial Services
701 Clematis Street, Suite 221
West Palm Beach, Florida 33401

H.Dohn Williams, Esq.
721 N.E. Third Avenue
Fort Lauderdale, FL 33304

William Norris, Esq.
3225 Aviation Avenue, Suite 300
Coconut Grove, Florida 33133-4741

Dennis R. Bedard, Esq.
1717 North Bayshore Drive, Suite 102
Miami, Florida 33132

John Cotrone, Esq.
509 S.E. 9th Street
Fort Lauderdale, Florida 33316

Michael Dutko, Esq.
600 S. Andrews Avenue, Suite 500
Fort Lauderdale, Florida 3301

Thomas D. Scalfani, Esq.
200 East Broward Boulevard, Suite 1210
Fort Lauderdale, Florida 33301

Herb Cohen, Esq.
200 Southeast Sixth Street, Suite 205
Fort Lauderdale, Florida 33301

Jim Stark, Esq.
524 South Andrews Avenue, Suite 304N
Fort Lauderdale, Florida 33301

Ira Loewy, Esq.
800 Brickell Avenue, Penthouse #2
Miami, Florida 33131

Simon T. Steckel, Esq.
701 Brickell Avenue, Suite 3260
Miami, Florida 333131

Philip R. Horowitz, Esq.
Southparkk Centre
13651 South Dixie Highway
Miami, Florida 33156

Allen Kaufman, Esq.
2900 North Dixie Highway, Suite 201
Oakland Park, Florida 33334

Michael Hursey, Esq.
One River Plaza
305 South Andrews Avenue, Suite 701
Fort Lauderdale, Florida 33301

Martin Bidwell, Esq.
101 N.E. Third Avenue, Suite 202
Fort Lauderdale, Florida 33301

Larry Bronson, Esq.
80 Pine Street, 32nd Floor
New York, New York 10005

BY: _____
    RAYMOND C. MILLER

-6-