UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO.: 00-6154-CR-DIMITROULEAS

    Plaintiff,

v.

MARTIN ZARCADOOLAS, et al.

    Defendant.
_____/

<u>MOTION TO EXCLUDE 404(b) EVIDENCE [403 AND 404 OBJECTIONS],</u>
<u>AND INCORPORATED MEMORANDUM OF LAW</u>

    COMES NOW, the Defendant, MARTIN ZARCADOOLAS, by and through his undersigned counsel, and presents this Motion to Exclude admission of "announced" as well as anticipated 404(b) testimony and the Defendant would show:

    1. The Government has, by its' discovery answer, noticed the Defendant that it will "timely advise the defendant of its' intent, if any, to introduce during its' case in chief, proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise, (including the inextricably intertwined doctrine)."

    2. To date, the Government has not, by either pleading or discovery letter, been any more specific about 404(b) Evidence and therefore, the Defendant assumes that all evidence made



available for inspection to him is either potential 404(b) Evidence or alternatively, a belief by the Government that it is permitted to be introduced as inextricably intertwined evidence.

3. The Government has provided approximately 133 cassette tape recordings and accompanying transcripts containing approximately 1,000 court authorized wire interception conversations of which the Defendant speaks and is recorded on 13 different days in 14 conversations spanning from October 16, 1998 through December 17, 1998.

4. Additionally, the Government has provided approximately 41 cassette tapes, with accompanying transcripts, corresponding to consensually recorded conversations. The Defendant is not recorded, however, he is alleged to have been spoken about, both directly and indirectly, by Al Polito (cooperating witness for the Government) and whomever Mr. Polito was directed to record during the period of his cooperation. This time period spans from approximately April of 1999 through April of 2000.

5. The Title III recordings and accompanying transcripts reveal, (albeit unclear; not as to the audio but as to substance) the following potential uncharged bad acts or irrelevant evidence which is not inextricably intertwined in this Indictment:

   (A) Conversation between the Defendant and Co-Defendant Joseph Rotunno regarding the pro-curement of some form of immigration documents, the legitimacy of which is at issue.

   (B) Conversation between the Defendant and Co-Defendant Joseph Rotunno regarding an individual named Ray Picada (These conversations appear predominantly in the two November 5, 1998 Title III tape recorded conversations). Picada is not a defendant in the present Indictment, not an unindicted co-conspirator, not a Government witness, not an

    alleged gambler and as such this evidence has no probative value and not relevant. It is not 404(b) Evidence and not inextricably intertwined. An attempt by the Government to introduce it, would be an impermissible effort to show the Defendant's bad character.

6. That the Defendant asserts that there are substantial legal grounds for this Court's determination to deny the Government's attempt to introduce this potential 404(b) testimony into evidence at the Defendant's trial. Additionally, the Defendant would assert that this evidence is not inextricably intertwined in the present case. The Defendant asserts that he will be denied a fair trial, and his right to due process of law will be violated if this evidence of these conversations are allowed.

7. The Defendant asserts that the introduction of this evidence will violate Rules 403 and 404 of the Federal Evidence Code.

8. The Defendant asserts that his general character, or a trait of his character is not a fact in issue. There exists no facts in dispute as to the Defendant's character. The essential elements of the crimes charted do not place the Defendant's character in issue, the manner and method of Government prove necessary to establish the elements of the crimes charged do not involve the need for presentation of character evidence of the Defendant and the Defendant has not offered yet an affirmative defense necessitating the introduction of evidence of character, or even the anticipated introduction of evidence by the Defendant to establish his defense, i.e. entrapment.

9. The Government's intention to offer this 404(b) evidence would serve to prove the Defendant's general bad character, his criminal propensity and that the Defendant acted in conformity on the dates charted in the Indictment, all in violation of Rules 404(a) and 403.

10. The Government, it is submitted, is unable to prosecute at least the uncharged acts, and one must suppose, were prosecution possible on other cases and an attempt to indict would have been had.

11. The admission of 404(b) Evidence requires proof by extrinsic evidence. The extrinsic evidence would not be admissible to impeach the Defendant under Rule 608 and it is evidence which remains unrelated to the charge Conspiracy.

12. The introduction of extrinsic evidence as substantive evidence, either in chief, or rebuttal, will not directly or circumstantially prove the elements of the crime charged at bar. Therefore, the potential 404(b) Evidence is not probative, not relevant and unfairly prejudicial.

13. The Government can not articulate or specify grounds for the trial court to determine the Government's purpose to offer, and the basis to admit this 404(b) evidence, other than for the improper method of proving criminal propensity and general bad character of the Defendant. Under 404(b), the Government must first demonstrate a sufficient basis in fact and law, for each separate act, as it relates to admissibility and potential relevance for evidence of this type.

14. The introduction of 404(b) evidence implicates concerns

for extreme prejudice to other defendants against which the evidence will not be admitted.

15. The admission of 404(b) Evidence not related to the conspiracy charged in the Indictment, or, possibly, the admission of 404(b) evidence directly related to a separate and distinct conspiracy, or multiple agreements, not charged in the Indictment could only lead to unfair prejudice, a confusion of issues and an unfair jury verdict, in violation of due process of Rule 403.

16. The Defendant asserts that the admission of 404(b) acts would improperly shift the trial focus from the evidence which concerns the elements of the conspiracy to the focus upon extrinsic evidence itself. Upon this ground alone, the evidence should be excluded.

17. The Defendant urges the Court to further find that Federal Evidence Rule 403 bars admission of the evidence. The introduction of 404(b) Evidence will cause manifest prejudice and serious confusion of issues. No instruction by the Court would cure this problem.

## MEMORANDUM OF LAW

I. *RULE 404(b) REQUIREMENTS*

The Supreme Court has instructed that evidence in a criminal trial must be "strictly relevant to the particular offense charged." *Williams v. New York*, 337 U.S. 241,69 S.Ct. 1979(1949). In addition, "the admission of irrelevant facts that have a prejudicial tendency is fatal to a conviction, even though there was sufficient relevant evidence to sustain the verdict."

*United States v. Hays*, 872 F.2d 82(4th Cir. 1989).

In the case of *United States v. Anderson,* 933 F.2d 1261 (5th Cir. 1991), the court said:

> Evidence of extrinsic offenses is inadmissible to prove that the accused has the propensity of disposition to commit the crime charged.  Rule 404(a). Proof of character is excluded not because it has no probative value, but because it sometimes may lead a jury to convict the accused on grounds of bad character deserving punishment irrespective of guilt. In addition, defendants should not be placed in a position of having to defend against crimes for which they are not charged.  In sum, a fundamental tenet of our criminal justice system is that a jury may not premise a verdict on the defendant's character but only on evidence relevant to the charged crime. *Id.* at 1268.

A decision whether to admit evidence of extrinsic acts is guided by a two part test. *United States v. Roe*, 670 F.2d 956,967 (11th Cir. 1982), which said:

> Extrinsic offense evidence is admissible only if (1) the evidence is relevant to an issue other than the defendant's character, and (2) the Probative value of the evidence is not substantially outweighed by the undue prejudice.

The leading case of *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978) interpreted Rule 404(b) which required:

> (1) an issue other than the defendant's character and (2) possess probative value that is not substantially outweighed by its undue prejudice. *Id.* at 911.

A. *POTENTIAL 404(B) EVIDENCE PROVES DEFENDANT'S BAD CHARACTER*

The uncharged offenses prove the Defendant's bad character in violation of the rules of evidence.  Its introduction as evidence would easily lead a jury to convict on grounds of bad character or

criminal propensity again, particularly with the "Columbian" aspect. The Defendant's wife is Hispanic and speaks in Spanish on the tapes with several persons. The Defendant is placed in an untenable position of having to defend against these uncharged acts which can only be proven by extrinsic evidence. For a jury to properly assimilate the purpose of the government's offer of proof of numerous "bad acts", it would require a complex and nearly impossible task. The Defendant can establish a "clear threat" to his ability to receive a fair trial and right to due process of law based upon the sheer number and nature of the extrinsic evidence submitted by the Government in the wiretap analysis even as set out in the application above referenced. The magnitude of 404(b) evidence could likely incite a jury to an irrational decision; a decision improperly premised upon bad character.

In _United States v. Church_, 955 F.2d 688 (11th Cir. 1992), the court discussed 404(b) evidence of "intent" relevant to a RICO and drug conspiracy. It stated:

> The government proves Coppola's willingness to use violence to protect his interest in Jilly's and was therefore relevant to proving Coppola's intent to participate in the murder-conspiracy RICO predicates. The government cites _Beale_ for the proposition that evidence of extrinsic, uncharted acts is admissible under Rule 404(b) to prove intent to commit similar crimes. Assuming that willingness to facilitate a murder... we turn to the second prong of the test, balancing. On the other side of balancing, showing a willingness to facilitate the murder of a prosecutor is the type of extrinsic act likely to incite an irrational decision... In presenting evidence of Coppola's 1979 conversation with Friedman, the government seems guilty of overkill. This tape recorded conversation is much closer to inadmissible character evidence – showing that Coppola is the type

-7-

> of person who would agree to facilitate the murder of a prosecutor-than to evidence probative of Coppola's intent four years later.

In *United States v. Pollock*, 926 F.2d 1044, 1048 (11th Cir. 1991), the court said:

> That proof that one is a bad man generally is not, under our system, admissible to prove that one committed a specific bad act...But what appears to one person as propensity may be intent to another, the margin between is not a bright line.

In *United States v. Beale*, 921 F.2d 1412 (11th Cir. 1991), the court said:

> This court has generally held that if the extrinsic acts require the same intent as the charged offenses *and* if these acts are proximate in time to the charged offenses, then the extrinsic act is highly probative. *Id.* at 1427.

Case law analyzing Rule 404(b) evidence remains instructive.

In *United States v. Dothard,* 666 F.2d 498,502 (11th Cir. 1982), the court said:

> Courts have admitted extrinsic act evidence to show a defendant's design or plan to commit the specific crime charged, but never to show a design or plan to commit "crimes of the sort" with which he is charged.

Courts have held that other crimes evidence must not be more prejudicial than probative of the crime charged while cautioning that the court does not subscribe to the "broad proposition" that evidence of other offenses may be introduced simply because it recounts events temporally related to the commission of a crime for which the accused is on trial." *United States v. Childs*, 598 F.2d 169 (D.C.Cir.1979); *United States v. Diggs*, 649 (F.2d 731, 737(9th Cir. 1981). [The Court said Rule 404(b) is an

inclusionary rule, for example, evidence of other crimes in inadmissible under this rule only where it proves nothing but hte defendant's criminal propensities].

The Defendant concludes that the non-indicted bad acts are a result of <u>government overkill</u> with respect to, in essence, a single conspiracy charge. The government's proof shows bad charcter, it compels the court to subscribe to a broad proposition of questionable temporal relevance, and it compels the court to commit reversible error in admitting extrinsic evidence as substantive evidence or impeachment of Defendant's character.

B.  *THE GOVERNMENT HAS FAILED TO SPECIFY 404(B) GROUNDS FOR ADMISSIBILITY AT TRIAL AND THE EVIDENCE IS NOT LEGALLY SUFFICIENT FOR JURY CONSIDERATION*

The government <u>has failed to demonstrate</u> that Rule 404(b) evidence is actually necessary to establish the material elements of the alleged conspiracy particuilary in light of the intercepted conversations that relate to the MDMA co nspiracy. Case law compels the government to specify at trial the specific 404(b) grounds for admissibility. Se <u>Anderson</u> at 1273; <u>United States v. Fortenberry</u>, 860 F.2d 628 (5th Cir. 1988). The <u>Anderson</u> court observed:

> On appeal, the government presents the four previous fires as evidence of intent – that Anderson intended to cause the fire at the warehouse by showing that he had the same State of mind when he caused the earlier four fires. During trial, the government did not State its Rule 404(b) grounds...To be relevant, reasonable jurors must be able to find by a

-9-

> preponderance of the evidence that all four
> previous fires were the result of arson and
> that Anderson was involved with arson. Although
> the record does not reflect any specific evaluation
> of the relevancy ofo the evidence by the trial
> court, the record does contain conflicting evidence
> as to relevancy. *Id*. At 1270,71.

The footnote advised:

> We cannot hold, however, that any error against
> Anderson is harmless. The evidence was specific-
> ally admitted against him and was clearly damaging,
> and the case against him is not overwhelming. *Id*. at
> 1274.

See also, *United States v. Harrison*, 942 F.2d 751 (10th Cir. 1991). The government has the burden of showing how evidence of Defendant's past acts is relevant to the issues in this case by articulating precise evidentiary hypothesis by which a fact or consequence may be inferred by the evidence.

The case of *United States v. Shores*, 6 Fed.L.W.842(11th Cir. July 22, 1992) illustrates the Defendant's position. In *Shores*, the similar fact evidence was admitted solely for hte purpose of proving Shores' state of mind, not to prove the charge bank robbery. The court said:

> We, in turn, have interpreted *Beechum*'s first
> prongs also requiring a finding of sufficient
> evidence to prove that the defendant committed
> the offense. In other words, *Beechum* requires
> a finding that the jury could find that the
> defendant committed the offense. A juror is
> free to disbelieve the proffered testimony based
> on its lack of detail and *corroboration*; however,
> however, this does not mean that there is not
> sufficient evidence for a reasonable juror to find
> that the defendant could have indeed committed
> the offense. In summary, the statements were
> relevant to an issue other than character.
> Accordingly, we hold that it was not an abuse of
> discretion for the district court to admit the
> statements under Rule 404(b), and further, to

properly instruct the jury on how to consider the evidence. *Id*. at 843.

C. *EXISTENCE OF POTENTIAL CONSPIRACIES NOT CHARGED IN INDICTMENT*

The Defendant contends that evidence will establish the existence of potential conspiracies not charged in the Indictment, some of which may be directly relevant to the extrinsic 404(b) evidence. The bad acts concern certain unindicted persons whose conduct precides and postdates the charged conspiracy. The introduction of this evidence can only lead to a clear confusion of issues and unfair prejudice to the Defendant. In *United States v. Nilsen*, 6 Fed.L.W.889(11th Cir. August 4, 1992), the court faced three bad acts in a three count extortion indictment. The Eleventh Circuit stated:

> Nilsen's third bank robbery conviction was not inextricably intertwined with the offense charged in the federal indictment because Ferello's Testimony did not relate to the third bank robbery. Consequently, she would not have been a witness in the prosecution of that offense. As a result, Nilsen's third bank robbery conviction could be Said to be irrelevant and prejudicial to his defense in federal prosecution of his 876 offenses. *Id*. 890.

In *United States v. Ruwe*, 790 F.2d 845 (11th Cir. 1986), the court said "in order to determine whether a jury could have found beyond a reasonable doubt that two conspiracies existed we consider these three factors: 1) whether a common goal existed; 2) the nature of the criminal scheme; and 3) the overlapping of the participates in the various dealings of the conspiracy." *Id*. at 849. A multiple conspiracy instruction is generally required

where the indictment charges several defendants with one overall conspiracy; but the proof at trial indicates that a jury could reasonably conclude that some of the defendants were only involved in sperate conspiracies unrelated to the overall conspiracy charged in the indictment. See *United States v. Laetivdal-Gonzalez*, 5 Fed L.W. 1372 (11th Cir. August 27, 1991).

The Defendant's position is manifest. The Rule 404(b) evidence provided in the government response easily demonstrates the existence of separate and distinct purported conspiracies and, that being the case, the opportunity for jury confusion if heightened. The case of *United States v. Holloway*, 6 Fed.L.W. 1083 (11th Cir. September 4, 1992) points out:

> Reviewing the factual record in the light most favorable to the government, we find no plain error. A jury could have found beyond a reasonable doubt that two (2) separate schemes constituting separate conspiracies existed. Though both conspiracies concerned an agreement to steal merchandise, each conspiracy concerned different merchandise. Further, the methods and participants differed in each conspiracy. Holloway allowed Hill, who was driving a van, into the freightyard. Hill proceeded to load the van with jogging suits. In the second conspiracy, because Holloway had been fired from his job in the interim, it was Rudder who allowed Hill and Holloway into the yard to steal merchandise, Hill and Holloway utilized a rented tractor to steal entire trailers of merchandise. There was no reversible error. *Id*. at 1085.

D. *FOCUS OF TRIAL UPON 404(b) ACTS WILL UNFAIRLY SUBSTITUTE AS EVIDENCE OF CONSPIRACY TO CONVICT THE DEFENDANT*

The Defendant contends that the several Rule 404(b) acts, as asserted against the Defendant, would potentially "hypnotize" a jury, and, it would serve to unfairly convict the Defendant. The

essential premise, the Defendant would state, is `the notion that a reasonable-minded juror would properly distinguish bad act testimony against the concept of substitute proof for the charged conduct is absolutely inconceivable to a rational mind." The Defendant maintains that the focus of the trial upon extrinsic evidence showing the Defendant's bad character is unfair.

A portion of the jury instructions in *Anderson*, supra, dealt with this issue. The instructions stated, in part:

> You may not consider this evidence of similar acts as a substitute for proof that defendants committed any crime charged in the case. *Id*. at 1270.

The Defendant maintains that an instruction similar to the *Anderson* instruction would be insufficient to prevent manifest injustice of government overkill with 404(b) evidence which solely pertains to a single conspiracy count.

E. *THE 404(b) TESTIMONY WILL VIOLATE RULE 403*

The second step in *Beechum*, supra, required weighing the probative value of evidence against Rule 403 concerns. The *Anderson* court articulated:

> In *Beechum*, one of the dangers inherent in the admission of extrinsic offense evidence is that the jury may convict the defendant not for the offense charged but the extrinsic offense. This danger is particularly great where, as here, the extrinsic activity was not the subject of a conviction; the jury may feel that the defendant should be punished for that activity even if he is not guilty of the offense charged. *Id*. 1272.

The risk of prejudice is greater when the extrinsic offenses are similar to the crime charged, although then the probative

-13-

value of the offense is greater. The risk of prejudice greatly increases when there is little evidence, although enough to satisfy relevancy concerns, proving that prior act was in fact an offense. Whether evidence of the four fires should have been admitted cannot be decided on the record. The court instructed the jury that it could consider the evidence only against Anderson as proof of intent, motive knowledge, plan or scheme. It is clear that the four fires could not be admitted as evidence under all four categories. *Anderson* at 1272.

A litany of case law has developed the Defendant's contention. Evidence of the commission of wholly separate and independent crime from the crime on trial is inadmissible. *United States v. O'Malley*, 707 F.2d 1240 (11th Cir. 1983). Evidence of illegal activities other than those charged is inadmissible. *United States v. Westbo*, 576 F.2d 285 (10th Cir. 1978). Indeed, even in the ubiquitous cocaine prosecutions, unrelated cocaine transactions were held inadmissible to rebut Defendant's denial of a present transaction where there was no connection between prior transactions and present transaction. *United States v. Nichols*, 808 F.2d 660 (8th Cir. 1987); *United States v. Schwartz*, 790 Fed. 1059 (3d Cir. 1986)(generalized nature of evidence precluded any meaningful refutation).

Finally the Eleventh Circuit has stated in *United States v. Costa*, 947 F.2d 919 (11th Cir. 1991):

> The second step for reviewing extrinsic evidence relates to whet the probative value of the evidence is outweighed by its prejudical effect. The law in this circuit requires that Rule 404(b) evidence actually be necessary to establish the material element. *Hewes* at 1315. The strength of the

government's case is an important factor in determining the probative value of extrinsic evidence. *Id*. at 926.

F. *THE UNCHARGED ACTS ARE NOT "INEXTRICABLY INTERTWINED EVIDENCE"*

In *United States v. Milsen*, 6 Fed.L.W. 889 (11th Cir. 92), the court discussed this type of evidence stated:

> To do so, it had to establish the content of Ferullo's testimony respecting his involvement in two of the uncharged offenses. Thus, Ferullo's testimony was an integral and natural part of the witness accounts of the circumstances surrounding the offenses for which the defendant was indicated. *Id*. at 890.

The government often cites *Weeks* for the proposition "testimony about incidents is necessary to complete the story of crimes charged, and/or because they are uncharged offenses which arose out of the same series of transactions." In the case at bar, the above stated evidence is *not* necessary to complete the story, and as such is not extricably intertwined.

LOCAL RULE 88.9 CERTIFICATE

That undersigned counsel has attempted to communicate with Assistant United States Attorney Paul Schwartz regarding his position concerning this motion, however, undersigned counsel was unable to speak with him.

Respectfully Submitted,

RAYMOND C. MILLER, P.A.
400 Southeast Sixth Street
Fort Lauderdale, Florida 33301
BROWARD: (954) 462-3668
FAX:     (954) 462-8594

_____
Raymond C. Miller, Esq.
Florida Bar #651176
Attorney for Defendant

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. mail delivery this 11th day of September, 2000, to the following:

Paul F. Schwartz
Assistant U.S. Attorney
500 East Broward Boulevard
Suite 700
Fort Lauderdale, FL 33394

Ms. Joan Balis
Pre-Trial Services
701 Clematis Street, Suite 221
West Palm Beach, Florida 33401

H.Dohn Williams, Esq.
721 N.E. Third Avenue
Fort Lauderdale, FL 33304

William Norris, Esq.
3225 Aviation Avenue, Suite 300
Coconut Grove, Florida 33133-4741

Dennis R. Bedard, Esq.
1717 North Bayshore Drive, Suite 102
Miami, Florida 33132

John Cotrone, Esq.
509 S.E. 9th Street
Fort Lauderdale, Florida 33316

-16-

Michael Dutko, Esq.
600 S. Andrews Avenue, Suite 500
Fort Lauderdale, Florida 3301

Thomas D. Scalfani, Esq.
200 East Broward Boulevard, Suite 1210
Fort Lauderdale, Florida 33301

Herb Cohen, Esq.
200 Southeast Sixth Street, Suite 205
Fort Lauderdale, Florida 33301

Jim Stark, Esq.
524 South Andrews Avenue, Suite 304N
Fort Lauderdale, Florida 33301

Ira Loewy, Esq.
800 Brickell Avenue, Penthouse #2
Miami, Florida 33131

Simon T. Steckel, Esq.
701 Brickell Avenue, Suite 3260
Miami, Florida 333131

Philip R. Horowitz, Esq.
Southparkk Centre
13651 South Dixie Highway
Miami, Florida 33156

Allen Kaufman, Esq.
2900 North Dixie Highway, Suite 201
Oakland Park, Florida 33334

Michael Hursey, Esq.
One River Plaza
305 South Andrews Avenue, Suite 701
Fort Lauderdale, Florida 33301

Martin Bidwell, Esq.
101 N.E. Third Avenue, Suite 202
Fort Lauderdale, Florida 33301

Larry Bronson, Esq.
80 Pine Street, 32nd Floor
New York, New York 10005

BY: _____
RAYMOND C. MILLER

-17-