UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO.: 00-6154-CR-DIMITROULEAS

    Plaintiff,

v.

MARTIN ZARCADOOLAS, et al.

    Defendant.

_____/

NIGHT BOX
FILED
SEP 11 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### DEFENDANT'S REQUEST FOR SPECIFIC KYLES/BRADY/AGURS/GIGLIO/NAPUE MATERIAL

Pursuant to the dictates of <u>Kyles v. Whitley</u>, 115 S.Ct. 1555 (1995), <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>United States v. Agurs</u>, 427 U.S. 971 (1976), <u>United States v. Bagley</u>, 473 U.S. 667 (1985), <u>Giglio v. United States</u>, 405 U.S. 150 (1972), <u>Napue v. Illinois</u>, 360 U.S. 264 (1959), Fed.R.Crim.P.16, and the Court's standing Discovery Order, and respectfully moves for an entry of an order requiring the Government to disclose and provide the following specific information and materials known or that with the exercise of due diligence should be known to the Government. This information is favorable to the Defendant on the issues of guilt or punishment, including impeachment information and other material and evidence tending to discredit the government's wintesses, in addition to any other matters known to the Government that may be exculpatory or otherwise favorable to the Defendant. As grounds, the Defendant would show as follows:

    1. As to the Court's Standing Discovery Order, more



specifically paragraphs C,D and E, the Government indicated in its response that it "<u>will</u>" disclose under separate cover any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>United States v. Agurs</u>, 427 U.S. 971 (1976) and that it "<u>will</u>" disclose under separate cover any payments, promises of immunity, leniency, preferential treatment or other indicements made to prospective Government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959) and that it "<u>will</u>" disclose under separate cover any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for hte government at trial.

2. To date, undersigned counsel has received the attached discovery letters made a part hereof as Exhibit 1,2 and 3). This is of course, in addition to counsel's review of tapes, transcripts, and other evidence made available by the Government for the Defendant's inspection.

3. The Defendant would assert that he is entitled to the following additional documents and information regarding not only for the chief cooperating witness, Al Polito, but any other cooperating witness that the Government intends to call at a hearing or trial in this matter;

A. The name and address of each cooperating witness;

B. The case number and name of the prosecutions in which the cooperating witness utilized in this case has previously been utilized as a cooperating witness;

C. The case names and numbers of any trials or evidentiary hearings at which the cooperating witness has testified concerning his own prior criminal activity, payments or rewards provided him by the Government, efforts made to induce others to participate in criminal activity, or other purported law enforcement-related matters;

D. Any ledger, sheet, or other document which details the sums paid the cooperating witness or his family in this and other cases in which the informant assisted the government and the purpose of each such payment;

E. Any information, whether or not memorialized in a memorandum, agent's report or other writing, regarding promises of immunity, leniency, preferential treatment or other inducements made to the cooperating witness or any family member, friend or associate of the informant in exchange for the informant's cooperation, including the dismissal or reduction of charges, assisting in matters of sentencing or deportation, prmises or expectancies regarding payments for expenses of testimony or eligibility for any award or reward; In addition to information regarding payments, promises of immunity, leniency, preferential treatment or other inducements made to the Government witnesses, any records or information regarding payments, promises of immunity, leniency, preferential treatment offered or afforded to any family member, friend or associate of any prospective witness in exchange for said witness' cooperation;

F. Any information or records concerning any actual or

implied threats of investigation or prosecution (including deportation, exclusion, etc., by INS) made by the Government to any prospective government witness or family member or associate of the witness, including information as to the underlying conduct precipitating such investigations;

    G. Any statement made, information or document provided by a prospective Government witness that conflicts in part or in whole with: (1) the statement of another prospective witness, (2) a prior statement made by the same government witness with regard to the subject matter of the expected trial testimony of witness, or (3) any other document or witness;

    H. The name and current whereabouts of any witness to the underlying events of this case whom the Government does not anticipate calling as a witness at trial and a copy of any statement made by or summary of an interview with such a witness;

    I. Any report, document or information which details the criminal activities of the cooperating witness which were undertaken by him without the authority or approval of the Government, but for which the Government has elected, formally or informally, not not prosecute;

    J. FBI rap sheet, NCIC printout, NADDIS, EPIC, NLETS, ATS, TECS, and any other records available to the Government reflecting the arrest, conviction and investigative history of the cooperating witness;

    K. Information concerning prior misconduct by the cooperating witness in the performance of his role as an

informant including: any prior refusal of the informant to testify for or assist the Government; any prior allegation that the informant entrapped another person to commit an offense or made false statements in connection with a criminal investigation; any prior "blackballing" of the informant by any law enforcement agency;

    L. Information concerning misconduct by the cooperating witness other than in his role as a cooperating witness, including misconduct that reflects a lack of candor, truthfulness or law-abiding character of the informant, such as uncharged criminal conduct or fraud;

    M. All information, records and transcripts which in any way indicate or reveal that any prospective Government witness, in connection with this or any other case, has provided untruthful, false, misleading, incomplete, or inaccurate information or testimony to:

    1. Any state or federal law enforcement officer or agency;
    2. Any state or federal grand jury;
    3. Any state or federal trial court while testifying at trial and/or any related or preliminary proceeding;

    N. Information reflecting the nature and extent of assets obtained by the informant in connection with his illegal activities over the past ten years;

    O. Any "records" maintained by law enforcement agencies relating to the cooperating witness utilized in this case, including records that the witness was:
    1. Given a code name;
    2. Given assumed/false identity;

    3. Reasons for cooperation;
    4. Given a polygraph exam;
    5. Briefed on entrapment;
    6. Contracts executed with any law enforcement agency;
    7. Any release forms executed by the witness;
    8. Records revealing the witness was advised to pay Federal Income Taxes.
    9. Records that he could not violate the law;
    10. Records which require him to protect his false identify;
    11. Records that the witness cannot use any illegal drugs;
    12. Records that the witness consented to recording any conversation with any party;
    13. Contingency Fee Agreement.

    P. If given a polygraph exam, the results of any polygraph examination performed on any potential Government witness as well as any information concerning the failure of any potential government witness to submit to a polygraph examination;

    Q. Any Government agency files or other information revealing matters relevant to the cooperating witness' credibility, mental or physical health, narcotic or alcohol use, or any other dependency;

    R. All information and records revealing any potential impairment of the capacity of any prospective Government witness to observe, recollect and testify about the events giving rise to the charges filed this case including impairments of sight, hearing, memory, language, or any other physical or psychological disability;

    S. All information and records indicating that any prospective government witness (1) may have suffered from any mental or emotional disease, disorder, willingness, or defect at any time during the time span alleged in the indictment filed in this case, or (2) sought or received treatment for any such mental or emotional disease, disorder, illness, or defect at any

time within the past five years;

T. All information and records indicating that the prospective Government witness(1)may have used cocaine, marijuana, another controlled substance, used alcohol to excess at any time during the time span allege din the indictment filed this case, or (2) sought or received treatment for any substance abuse problem (including alcohol) at any time within the past five years;

U. Applicable records of the United States Probation Department if the witness has been placed on probation or a Pre-Sentence Investigation"PSI" has been conducted.

### MEMORANDUM OF LAW

The following is a litany of cases used to rely on the Defendant's belief that he is entitled to the above stated document and information:

1. United States v. Bernal-Obeso, 989 F.2d 331,333-34(9th Cir.1993)
2. Brady v. Maryland, 373 U.S. 83 (1963)
3. United States v. Lloyd, 992 F.2d. 348 (D.C.Cir.1993)
4. United States v. Bagley, 473 U.S. 667 (1985)
5. California v. Trombetta, 467 U.S. 858,867(1984)
6. Kyles v. Whitley, 115 S.Ct. 1155, 1567 (1995)
7. Johnson V. Brewer, 521 F.2d 556 (8th Cir. 1975)
8. United States v. McClure, 546 F.2d 670 (5th Cir.1977)
9. United States v. Suarez, 939 F.2d 929, (11th Cir. 1991)
10. Matthews v. United States, 485 U.S. 48 (1988)

11. Jacobson v. United States, 503 U.S. 540, (1992)
12. United States v. Cohen, 888 F.2d 770 (11th Cir. 1989)
13. Mesarosh v. United States, 352 U.S.1(1956)
14. United States v. Espinosa-Hernandez, 918 F.2d 911 (11th Cir. 1990)
15. United States v. Williams, 500 F.2d 105 (9th Cir. 1974)
16. United States v. Hendricksen, 564 F.2d 197 (5th Cir. 1977)
17. United States v. Heller, 830 F.2d 150 (11th Cir. 1987)
18. United States v. Partin, 493 F.2d 750 (5th Cir. 1974)
19. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988)
20. United States v. Shaffer, 789 F.2d 682 (9th Cir. 1986)
21. United States v. Shearer, 794 F.2d 1545 (11th Cir. 1986)
22. United States v. Osorio, 929 F.2d 753, (1st Cir. 1991)
23. United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991)
24. United States v. Piccinonna, 885 F.2d 1529 (11th Cir. 1999)
25. United States v. Christopher, 923 F.2d 1545 (11th Cir. 1991)
26. United States v. Ray, 731 F.2d 1361 (9th Cir. 1984)

WHEREFORE, based upon the foregoing argument and authority, the Defendant, MARTIN ZARCADOOLAS, respectfully requests this Honorable Court grant the relief requested herein.

### LOCAL RULE 88.9 CERTIFICATE

That undersigned counsel has attempted to communicate with Assistant United States Attorney Paul Schwartz regarding his position concerning this motion, however, undersigned counsel was unable to speak with him.

Respectfully Submitted,

RAYMOND C. MILLER, P.A.
400 Southeast Sixth Street
Fort Lauderdale, Florida 33301
BROWARD: (954) 462-3668
FAX:     (954) 462-8594

_____
Raymond C. Miller, Esq.
Florida Bar #651176
Attorney for Defendant


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. mail delivery this 11th day of September, 2000:

Paul F. Schwartz
Assistant U.S. Attorney
500 East Broward Boulevard
Suite 700
Fort Lauderdale, FL 33394

H.Dohn Williams, Esq.
721 N.E. Third Avenue
Fort Lauderdale, FL 33304

William Norris, Esq.
3225 Aviation Avenue, Suite 300
Coconut Grove, Florida 33133-4741

Dennis R. Bedard, Esq.
1717 North Bayshore Drive, Suite 102
Miami, Florida 33132

John Cotrone, Esq.
509 S.E. 9th Street
Fort Lauderdale, Florida 33316

Michael Dutko, Esq.
600 S. Andrews Avenue, Suite 500
Fort Lauderdale, Florida 3301

Thomas D. Scalfani, Esq.
200 East Broward Boulevard, Suite 1210
Fort Lauderdale, Florida 33301

Herb Cohen, Esq.
200 Southeast Sixth Street, Suite 205
Fort Lauderdale, Florida 33301

Jim Stark, Esq.
524 South Andrews Avenue, Suite 304N
Fort Lauderdale, Florida 33301

Ira Loewy, Esq.
800 Brickell Avenue, Penthouse #2
Miami, Florida 33131

Simon T. Steckel, Esq.
701 Brickell Avenue, Suite 3260
Miami, Florida 333131

Philip R. Horowitz, Esq.
Southpark Centre
13651 South Dixie Highway
Miami, Florida 33156

Allen Kaufman, Esq.
2900 North Dixie Highway, Suite 201
Oakland Park, Florida 33334

Michael Hursey, Esq.
One River Plaza
305 South Andrews Avenue, Suite 701
Fort Lauderdale, Florida 33301

Martin Bidwell, Esq.
101 N.E. Third Avenue, Suite 202
Fort Lauderdale, Florida 33301

Larry Bronson, Esq.
80 Pine Street, 32nd Floor
New York, New York 10005

BY: _____
RAYMOND C. MILLER

-10-

Herb Cohen, Esquire                         Martin Bidwell, Esquire – *356- ·7436 EXT·*
200 S.E. 6ᵗʰ St., Suite 205                 Federal Public Defender's Office    *109*
Fort Lauderdale, FL 33301                   101 N.E. 3ʳᵈ Avenue, Suite 202
(Counsel for Scott Miller)                  Fort Lauderdale, FL 33301-1100
                                            (Attorney for Emro Capri)


Michael Hursey, Esquire
One River Plaza
305 S. Andrews Avenue, Suite 701
Fort Lauderdale, FL 33301-1853
(Counsel for Jeanne Brooks)


Re:   United States v. Reynolds Maragni, et al.
      Case No. 00-6154-Cr-DIMITROULEAS

Dear Counsel:

Pursuant to the requirements of paragraphs D and E of the Standing Discovery Order and the dictates of Brady and Giglio, please be advised of the following:

Prospective government witness Albert Polito, to date, has been paid $66,765 by the Federal Bureau of Investigation, Florida Department of Law Enforcement and U.S. Attorney's Office for living expenses, expenses incurred by him in connection with the investigation and relocation expenses. It is anticipated that Mr. Polito will be sponsored into the Witness Security Program in the near future.

Prior to his cooperation with the government, Mr. Polito was a participant in the criminal enterprise described in the instant indictment. Mr. Polito's criminal history record is attached.

Further information will be provided upon receipt by the government.

                                            Very truly yours,

                                            GUY A. LEWIS
                                            UNITED STATES ATTORNEY

                                    By:     *Paul F. Schwartz*

                                            PAUL F. SCHWARTZ
                                            Assistant United States Attorney

Attachment

EXHIBIT
1

```
                              NAMES USED BY SUBJECT
POLITO,ALBERT P
------------------------------------------------------------------------
              ( ( ( ( ( ( ( CRIMINAL HISTORY ) ) ) ) ) ) )
------------------------------------------------------------------------
!    ARREST     ! ARREST/ARRAIGNMENT !      DISPOSITION AND           !
!  INFORMATION  !      CHARGES       !       RELATED DATA             !
------------------------------------------------------------------------
ARR DT/PL 02-12-82! - - ARREST - -   !  - - DISPOSITION - -
WILLISTON PARK    !GRAND LARCENY--3ND !09-10-02 CO CRT NASSAU
                  !PL 155.35   NO SUP!        IND # 54549
CRM DATE: 01-24-81!CLASS D FEL NCIC 2399!CONVICTED UPON PLEA OF GUILTY
CRIME PLACE:      !                   !
WESTBURY          !                   !THE FOLLOWING CHARGE(S):
                  !                   !GRAND LARCENY-3RD
ARR#/AOY 89168637!                   !PL 155.JU        NO SUB
NASS CO PD        !                   !CLASS E FEL NCIC 2399
                  !                   !FINE:    4500  FINE PAID
CRT CONN 0GC50990N!                   !PROB:    5 YEARS
                  !                   !
FAX NO   HA01689  !                   !
                  !                   ! - - PROBATION DATA - -
                  !                   !09-10-02 SENTENCE DATE
                  !                   ! PROB NASSAU CO
                  !                   !              AGO # 0446474
                  !                   !10-09-82 DISCHARGED
                  !                   !OTHER
------------------------------------------------------------------------
              ( ( ( ( ( ( OTHER INFORMATION ) ) ) ) ) )
------------------------------------------------------------------------
LATEST UPDATED PERSONAL DESCRIPTORS: EYES/BROWN   HAIR/BROWN   WGT 215
LBS
```

Herb Cohen, Esquire  
200 S.E. 6th St., Suite 205  
Fort Lauderdale, FL 33301  
(Counsel for Scott Miller)

Martin Bidwell, Esquire  
Federal Public Defender's Office  
101 N.E. 3rd Avenue, Suite 202  
Fort Lauderdale, FL 33301-1100  
(Attorney for Emro Capri)

Michael Hursey, Esquire  
One River Plaza  
305 S. Andrews Avenue, Suite 701  
Fort Lauderdale, FL 33301-1853  
(Counsel for Jeanne Brooks)

Larry Bronson, Esquire  
80 Pine St., 32nd Floor  
New York, NY 10005  
(Counsel for Barbara Drezek)

Re:  United States v. Reynolds Maragni, et al.  
     Case No. 00-6154-Cr-DIMITROULEAS

Dear Counsel:

Pursuant to the requirements of the Standing Discovery Order and the dictates of Brady and Giglio, please be advised that in furtherance of the ongoing criminal investigation, government witness Al Polito was authorized by the government to engage in illegal gambling activities during the period of time he was operating in an undercover capacity. In that capacity, Mr. Polito was permitted to retain $4,300 generated by gambling activity, to offset related expenses incurred by the witness during the investigation.

Very truly yours,

GUY A. LEWIS  
UNITED STATES ATTORNEY

By: *[signature]*

PAUL F. SCHWARTZ  
Assistant United States Attorney

EXHIBIT  
2

| | |
|---|---|
| Thomas D. Sclafani, Esquire<br>200 East Broward Blvd., Suite 1210<br>Fort Lauderdale, FL 33301<br>(Counsel for Richard D'Onofrio) | Martin Bidwell, Esquire<br>Federal Public Defender's Office<br>101 N.E. 3rd Avenue, Suite 202<br>Fort Lauderdale, FL 33301-1100<br>(Attorney for Emro Capri) |
| Herb Cohen, Esquire<br>200 S.E. 6th St., Suite 205<br>Fort Lauderdale, FL 33301<br>(Counsel for Scott Miller)<br>(Counsel for Daniel Meisel) | Michael Hursey, Esquire<br>One River Plaza<br>305 S. Andrews Avenue, Suite 701<br>Fort Lauderdale, FL 33301-1853<br>(Counsel for Jeanne Brooks) |

Larry Bronson, Esquire
80 Pine St., 32nd Floor
New York, NY 10005
(Counsel for Barbara Drezek)

Re:  United States v. Reynolds Maragni, et al.
     Case No. 00-6154-Cr-DIMITROULEAS

Dear Counsel:

By letter dated August 22, 2000 David Vinikoor, counsel for Martin Zarcadoolas, was provided a copy of Al Polito's address/appointment book. If you wish to view and/or copy the book, please contact Mr. Vinikoor.

Very truly yours,

GUY A. LEWIS
UNITED STATES ATTORNEY

*Diana W. Fernandez for*

By:  Julia J. Stiller
     Department of Justice Trial Attorney

EXHIBIT
3

Paid
8-23-00