UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO: 00-6154-CR-DIMITROULEAS

Plaintiff,

vs.

MARTIN ZARCADOOLAS,

Defendant.
_____/



## MARTIN ZARCADOOLAS' (1) REPLY TO THE GOVERNMENT'S RESPONSE TO HIS MOTION TO SUPPRESS EVIDENCE DERIVED FROM ELECTRONIC SURVEILLANCE, AND (2) REQUEST FOR EVIDENTIARY HEARING

Martin Zarcadoolas (Zarcadoolas) filed a motion in which he sought to suppress both recordings of statements, and testimony concerning statements, made by him that were intercepted as a result of an intercept order (and an extension order) and to suppress all evidence derived by the government as a result of these intercepts. Zarcadoolas' motion was grounded primarily on the government's non-compliance with 18 U.S.C. §2516,/[1] which requires the government's application to the district court for an intercept

---

[1]/   18 U.S.C. §2516(1) states in part:

> The Attorney General, or any Assistant Attorney General, any acting Assistant Attorney General or any Deputy Assistant Attorney General in the Criminal Division specially designated by the Attorney General, may authorize an application to a Federal judge of competent jurisdiction for, and such judge may grant in conformity with section 2518 of this chapter an order authorizing or approving the interception of wire or oral communications . . . .



Case No: 00-6154-CR-DIMITROULEAS

order to be authorized by a select group of Justice Department officials.[2] Specifically, Zarcadoolas claimed that the required "authorization" was not submitted to the district court (it was purportedly signed by "Hess," but, in fact, was "initialed" by someone that signed Hess's name, but even if Hess had signed the memo he lacked the statutory authority to apply for an intercept order); and that Deputy Assistant Attorney General DiGregory, who the government belatedly claimed authorized the application, did not actually sign the authorization memo because his signature was "rubber-stamped."[3]

## I. ZARCACOOLAS' REPLY

The government, clearly bothered by Zarcadoolas' claim that it failed to comply with the strict requirements of 18 U.S.C. §2516, United States v. Giordano, 416 U.S. 505 (1974), tries to skate around its problem by asking the court to "trust it" when it says that the initial application was properly authorized. To that end, the government asks the court to take its word that

> [b]efore applying for the . . . judicial interception order, the United States requested and received internal authorization to seek the electronic surveillance order from Deputy Assistant Attorney General Kevin V. DiGregory . . . . On October 15, 1998, DiGregory's approval letter was transmitted to the United States Attorney's Office for the

---

[2]  Zarcadoolas raised two other substantial grounds to suppress his conversations, but the government's response to them makes a reply unnecessary.

[3]  Judge Ferguson never saw the "DiGregory authorization."

Case No: 00-6154-CR-DIMITROULEAS

Southern District of Florida by facsimile.

Government Response, p.4-5.

First, Zarcadoolas will not accept this representation without corroboration from DiGregory. United States v. Acon, 513 F.2d 513, 517 (3rd Cir. 1975) ("an aggrieved party may impeach the information submitted by the government to the approving court."); and United States v. Smith, 726 F.2d 852, 860 (1st Cir. 1984) (en banc) ("defendants should have some opportunity to test the sufficiency of the government's documentation and the government should have an opportunity to try to remedy any perceived deficiency.")./[4]

Second, and this ties in with Zarcadoolas' skepticism about the "authorization," it appears that the "DiGregory signature," is added as an afterthought to the unsigned James Robinson memorandum./[5]

After creating a factual vacuum, the government tries to fill it with United States v. Chavez, 416 U.S. 562 (1974), claiming that Chavez "forecloses Zarcadoolas's argument." But, the government will find no solace in Chavez, which involved an

---

[4]/   Ironically, the government relies on Smith and Acon.

[5]/   There are many things wrong about the Robinson memo, not the least of which is DiGregory's "signature," which appears to be stamped not signed - - the font type under his name is different from that used in the memo and there is no signature line for DiGregory, as there is for Robinson. While there may be an explanation, and it may be that DiGregory did authorize the wiretap application, the government should be required to produce evidence - - an affidavit from DiGregory, for example, to substantiate its naked claim it complied with 18 U.S.C. §2516.

Case No: 00-6154-CR-DIMITROULEAS

interception order that "on its face" identified a Justice Department official (Wilson) as the "authorizing official," even though Wilson's name was signed by his deputy. The Supreme Court reversed the district court's order suppressing the evidence that was a product of the intercept, because after the defendants challenged the authorization the government submitted an affidavit from the Attorney General himself in which he swore that he personally approved the Chavez wiretap application:

> we agree with those . . . courts of appeals that misidentifying the Assistant Attorney General as the official authorizing the wiretap to be made does not require suppression of wiretap evidence when the Attorney General himself has actually given the approval.

Id. at 568-569. In Chavez, the government resolved all doubts about the "designated official," when it submitted affidavits to the district court that confirmed that the authorization request "had been favorably acted upon in the office of the Attorney General," Id. at 567, something the government has not done here. There is another reason Chavez hurts, rather than helps,[6] the government: Chavez involved a "misidentification," but both Wilson, the Assistant Attorney General, and John Mitchell, the Attorney General, had the authority to authorize the local Assistant United States Attorney to apply for the wiretap order, and therefore Wilson's name on the authorization

---

[6]/ Questions about the Robinson/DiGregory memo, and whether DiGregory actually signed the memo, or authorized someone to use his stamp, could be crystallized with an affidavit from DiGregory, who in July 2000 was still a Deputy Assistant Attorney General. This simple procedure was done in most of the cases cited and relied upon by the government in its response.

-4-

Case No: 00-6154-CR-DIMITROULEAS

memo made it "facially sufficient."/[7] But here, Hess, whose name appears on the authorization memo that was given to Judge Ferguson, was not permitted by §2516 to authorize the application for a wiretap order, and therefore, *the memo was insufficient on its face*.

Misplacing its confidence in Chavez, the government compounds its error in relying on a number of post-Chavez cases that do nothing to rebut or disprove Zarcadoolas' serious, and troubling questions about when, and if, the government complied with 18 U.S.C. §2516. United States v. London, 66 F.3d 1227 (1st Cir. 1995), cited by the government is a perfect example of the government's missing the mark. In London, the government submitted an application that was signed by a person authorized to seek an intercept order, but because of a "collating error" the second page of the "cover letter which accompanied the [authorizing] memorandum" was attached to the first page, instead of the second page, of the memorandum. Id. at 1232. However, it was undisputed that Weld, who had the authority to authorize the application, actually did so, and, in fact, signed the first page of the memo that was submitted to the court. Therefore, the "collating error"/[8] had no bearing on the resolution of the London case, which, a

---

[7]   The government's problem in Chavez occurred because Wilson admitted that he never personally approved the authorization, and that his name was signed by a deputy.

[8]   The government's mantra, "collating error," and its incessant excuses for it, underscores Zarcadoolas' suspicions that the government's efforts fell short of complying
(continued...)

Case No: 00-6154-CR-DIMITROULEAS

simple reading confirms, merely followed Chavez:

> [T]his issue is controlled by . . . Chavez . . . [which] we read to hold that it was the intent of Congress in permitting limited interception of communication to require that authorization to apply for intercept orders proceed from a politically responsible government official who is identifiable.

Id. at 293.

Finally, the other cases that the government strings out at pages 8 and 9 of its response are simply rehashes of Chavez,[9] e.g., United States v. Citro, 938 F.2d 1431 (1st Cir. 1991) (affirmed on the basis of Chavez); United States v. Vigi, 515 F.2d 290, 293 (6th Cir. 1975) ("this issue is controlled by Chavez . . . ."); and United States v. Swann, 526 F.2d 147, 148 (9th Cir. 1975) (same fact pattern "as in number of repeated cases decided after Chavez").[10]

## II. REQUEST FOR HEARING

Martin Zarcadoolas is asking the court to conduct an evidentiary hearing. The government's "authorization" to apply for a wiretap; its paperwork, both submitted and missing; and its attempt to explain away its mistakes, raise too many questions that

---

[8](...continued)
with §2516's strict requirements.

[9]/   Interestingly, the government does not cite one Eleventh Circuit case that supports its position.

[10]/   In sum, the government simply has misread Chavez, applied it to a set of facts that do not apply to this case, and compounded its error with pages of citations that support its mistake.

-6-

Case No: 00-6154-CR-DIMITROULEAS

cannot be resolved without putting the government to the task - in court - of proving the validity of these wiretap orders.

Respectfully submitted,

DAVID G. VINIKOOR, P.A.
420 S. E. Twelfth Street
Fort Lauderdale, FL 33116
Tel: (954) 522-2500
Fax: (954) 522-7278

By: _____
DAVID G. VINIKOOR

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Martin Zarcadoolas'

(1) Reply To The Government's Response To His Motion To Suppress Evidence Derived From Electronic Surveillance, and (2) Request for Evidentiary Hearing was furnished by mail this **25** day of September, 2000, to the following:

Paul F. Schwartz
Assistant U. S. Attorney
500 East Broward Boulevard
Suite 700
Fort Lauderdale, FL 33394

John Cotrone, Esquire
509 S. E. 9th Street
Fort Lauderdale, FL 33316
(Counsel for Michael Eddy)

H. Dohn Williams, Esquire
721 N. E. 3rd Avenue
Fort Lauderdale, FL 33304
(Counsel for Joseph Rotunno)

Michael Dutko, Esquire
600 South Andrews Avenue, Suite 500
Fort Lauderdale, FL 33301
(Counsel for Kaiser Akel)

Case No: 00-6154-CR-DIMITROULEAS

| | |
|---|---|
| William Norris, Esquire<br>3225 Aviation Avenue, Suite 300<br>Coconut Grove, FL 33133-4741<br>(Counsel for Percy Morris) | Thomas D. Sclafani, Esquire<br>200 East Broward Boulevard, Suite 1210<br>Fort Lauderdale, FL 33301<br>(Counsel for Richard D'Onofrio) |
| Dennis R. Bedard, Esquire<br>1717 North Bayshore Drive, Suite 102<br>Miami, FL 33132<br>(Counsel for Berk Caskill) | Herb Cohen, Esquire<br>200 S. E. 6th Street, Suite 205<br>Fort Lauderdale, FL 33301<br>(Counsel for Scott Miller) |
| Jim Stark, Esquire<br>524 South Andrews Avenue, Suite 304N<br>Fort Lauderdale, FL 33301<br>(Counsel for Gary Braeseke) | Michael Hursey, Esquire<br>One River Plaza, Suite 701<br>305 South Andrews Avenue<br>(Counsel for Jeanne Brooks) |
| Ira Loewy, Esquire<br>800 Brickell Avenue, PH #2<br>Miami, FL 33131<br>(Counsel for Martin Halpern) | Martin Bidwell, Esquire<br>Federal Public Defender's Office<br>101 N. E. 3rd Avenue, Suite 202<br>Fort Lauderdale, FL 33301-1100<br>(Attorney for Emro Capri) |
| Simon T. Steckel, Esquire<br>701 Brickell Avenue, Suite 3260<br>Miami, FL 33131<br>(Counsel for William Hawkins) | Larry Bronson, Esquire<br>80 Pine Street, 32nd Floor<br>New York, NY 10005<br>(Counsel for Barbara Drezek) |
| Philip R. Horowitz, Esquire<br>Southpark Centre<br>12651 South Dixie Highway<br>Miami, FL 33156<br>(Counsel for James Travers) | Raymond C. Miller, Esquire<br>400 S. E. Sixth Street<br>Fort Lauderdale, FL 33301<br>(Counsel for Martin Zarcadoolas) |
| Allen Kaufman, Esquire<br>2900 North Dixie Highway, Suite 201<br>Oakland Park, FL 33334<br>(Counsel for Reynolds Maragni) | |

By: _/s/ David G. Vinikoor_
DAVID G. VINIKOOR