UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,         CASE NO: 00-6154-CR-DIMITROULEAS

    Plaintiff,

vs.

MARTIN ZARCADOOLAS,

    Defendant.
_____/

## MARTIN ZARCADOOLAS' MOTION TO VACATE ORDERS

Martin Zarcadoolas (Zarcadoolas), moves the Court to vacate its orders of September 22, 2000 purportedly denying Zarcadoolas' Motion to Exclude References to Marty (DE-300) and Motion to Suppress Wiretap (DE-301), since these orders were entered without the benefit of Zarcadoolas' replies to the government responses to his various motions in contravention of Rule 7.1 of the Local Rules of United States District Court for the Southern District of Florida. Ignoring long established rules concerning the timeliness of motions, responses and replies, and without the benefit of Zarcadoolas' replies to the government responses to his various pretrial motions, particularly his Motion to Suppress Evidence Derived from Electronic Surveillance, this Court entered orders denying Zarcadoolas' motions on September 22, 2000. These orders were entered almost a week before Zarcadoolas' replies to government responses were even due.

Rule 7.1C of the Local Rules of the United States District Court for the Southern District of Florida provides in pertinent part that:



Case No: 00-6154-CR-DIMITROULEAS

> each party opposing a motion shall serve an opposing
> memorandum of law not later than ten (10) days after service
> of the motion as computed in the Federal Rules of Civil
> Procedure . . . the movant may, within five (5) days after
> service of an opposing memorandum of law, serve a reply
> memorandum in support of the motion . . . If the motion or
> memorandum was served by mail, count three (3) days from
> the date the motion or memorandum to which one is
> responding was certified as having been mailed . . .

The government's responses were certified as having been mailed on September 19, 2000. Pursuant to Rule 7.1, Zarcadoolas had at least until September 29, 2000 in order to file proper replies. Contemporaneous with the filing of this Motion to Vacate, Zarcadoolas is timely filing his Reply to the Government's Response to his Various Pretrial Motions as well as his Reply to the Government's Response to his Motion to Suppress Evidence Derived from Electronic Surveillance and his Request for Evidentiary Hearing.

In the Court's premature order purportedly denying Zarcadoolas' Motion to Suppress Wiretap, this Court specifically found that Assistant Attorney General Kevin DiGregory authorized the wire intercept and signed the authorization, and relying upon U.S. v. London, 66F.3d 1227 (1st Cir. 1995) determined that the government's "collating error" did not destroy the validity[1] of the authorization. Had this Court waited for Zarcadoolas' timely reply before entering its denial, this Court would have been given the

---

[1] Apparently the Court's order was also entered without the benefit of codefendant, Rotunno's timely reply.

-2-

Case No: 00-6154-CR-DIMITROULEAS

benefit of argument that <u>London</u> is absolutely inapplicable to the present facts and the only proof that Assistant Attorney General DiGregory authorized anything, is the unsupported assertion of Assistant U.S. Attorney Paul Schwartz.[2]

*Respectfully submitted,*

DAVID G. VINIKOOR, P.A.
420 S. E. Twelfth Street
Fort Lauderdale, FL 33116
Tel: (954) 522-2500
Fax: (954) 522-7278

By: _____
DAVID G. VINIKOOR
FL BAR #195719

---

[2] Zarcadoolas believes that an evidentiary hearing would reveal that DiGregory never even reviewed the wiretap affidavit and that some unknown person in his office merely affixed his rubber stamped signature to a standard form authorization memo.

-3-

Case No: 00-6154-CR-DIMITROULEAS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of Martin Zarcadoolas'

Motion to Vacate Orders was furnished by mail this _25_ day of September, 2000, to the

following:

Paul F. Schwartz
Assistant U. S. Attorney
500 East Broward Boulevard
Suite 700
Fort Lauderdale, FL 33394

John Cotrone, Esquire
509 S. E. 9th Street
Fort Lauderdale, FL 33316
(Counsel for Michael Eddy)

H. Dohn Williams, Esquire
721 N. E. 3rd Avenue
Fort Lauderdale, FL 33304
(Counsel for Joseph Rotunno)

Michael Dutko, Esquire
600 South Andrews Avenue, Suite 500
Fort Lauderdale, FL 33301
(Counsel for Kaiser Akel)

William Norris, Esquire
3225 Aviation Avenue, Suite 300
Coconut Grove, FL 33133-4741
(Counsel for Percy Morris)

Thomas D. Sclafani, Esquire
200 East Broward Boulevard, Suite 1210
Fort Lauderdale, FL 33301
(Counsel for Richard D'Onofrio)

Dennis R. Bedard, Esquire
1717 North Bayshore Drive, Suite 102
Miami, FL 33132
(Counsel for Berk Caskill)

Herb Cohen, Esquire
200 S. E. 6th Street, Suite 205
Fort Lauderdale, FL 33301
(Counsel for Scott Miller)

Jim Stark, Esquire
524 South Andrews Avenue, Suite 304N
Fort Lauderdale, FL 33301
(Counsel for Gary Braeseke)

Michael Hursey, Esquire
One River Plaza, Suite 701
305 South Andrews Avenue
(Counsel for Jeanne Brooks)

Ira Loewy, Esquire
800 Brickell Avenue, PH #2

Martin Bidwell, Esquire
Federal Public Defender's Office

-4-

Case No: 00-6154-CR-DIMITROULEAS

Miami, FL 33131
(Counsel for Martin Halpern)

101 N. E. 3rd Avenue, Suite 202
Fort Lauderdale, FL 33301-1100
(Attorney for Emro Capri)

Simon T. Steckel, Esquire
701 Brickell Avenue, Suite 3260
Miami, FL 33131
(Counsel for William Hawkins)

Larry Bronson, Esquire
80 Pine Street, 32nd Floor
New York, NY 10005
(Counsel for Barbara Drezek)

Philip R. Horowitz, Esquire
Southpark Centre
12651 South Dixie Highway
Miami, FL 33156
(Counsel for James Travers)

Raymond C. Miller, Esquire
400 S. E. Sixth Street
Fort Lauderdale, FL 33301
(Counsel for Martin Zarcadoolas)

Allen Kaufman, Esquire
2900 North Dixie Highway, Suite 201
Oakland Park, FL 33334
(Counsel for Reynolds Maragni)

By: /s/ David G. Vinikoor
DAVID G. VINIKOOR