UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,            CASE NO: 00-6154-CR-DIMITROULEAS

    Plaintiff,

vs.

MARTIN ZARCADOOLAS,

    Defendant.
_____/

## MARTIN ZARCADOOLAS' REPLIES TO THE GOVERNMENT RESPONSES TO HIS VARIOUS PRE-TRIAL MOTIONS

In responding to Zarcadoolas' motions/[1] the government has either missed the point of Zarcadoolas' arguments, or ignored them. Zarcadoolas deems unnecessary replies to most of the government's responses.

### BILL OF PARTICULARS

Trotting out almost three pages of boiler plate, the government does not mention one case on which Zarcadoolas relied in asking the court to order the government to provide him with four required particulars. The government, after deciding that this indictment is so "specific" that particulars are not needed, simply ignores each of Zarcadoolas' requests. Zarcadoolas only asked for those specifics to which the law says he is entitled: United States v. Barrentine, 501, 591 F.2d 1069, 1077 (5th Cir.)

---

[1]/ Zarcadoolas filed an omnibus motion (1) for a Bill of Particulars; (2) to dismiss Count 2; (3) to dismiss Count 5; (4) for inspection and copying of tape recordings and transcripts; (5) to exclude certain tape recordings and evidence of conversations that refer to "Marty;" and (6) to strike irrelevant and prejudicial allegations.



CASE NO: 00-6154-CR-DIMITROULEAS

cert. denied, 444 U.S. 990 (1979) (particulars required for discovering names of unindicted co-conspirators government plans to use as witnesses); United States v. Politi, 334 F.Supp. 1318, 1321 (S.D.N.Y. 1971) (Particulars granted as "where, other than Southern District of New York, conspiracy occurred); and United States v. Lonzo, 793 F.Supp. 57 (S.D.N.Y. 1992) (same),[2] and the court should order the government to provide them.

## COUNT 5 IS DUPLICITOUS

Again, the government misses the point, badly, of Zarcadoolas' claim that Count 5, charging a conspiracy to violate 18 U.S.C. §1956, is duplicitous, because it states a conspiracy to violate two separate sections of §1956, that provided for separate punishments. United States v. Burton, 871 F.2d 1566, 1573 (11th Cir. 1989). "Mental states" have nothing to do with Zarcadoolas' motion, (Government Response, p.7); and whether these financial transactions were done with the intent to "promote" an illegal activity, or to "conceal" the source, etc. of the funds, requires an objective determination. Because the penalty for conspiring to "promote," (level 23), is obviously higher than that for conspiring to "conceal," (level 20), the penalties, not the defendant's mental state, render Count 5 duplicitous.

---

[2]/ The government's claim that it has made a "significant amount of detailed information available to the defense," is nonsense. First, "a significant amount" implies that not all the required information has been provided; and second, Zarcadoolas is not required to prepare a "guesswork defense."

-2-

CASE NO: 00-6154-CR-DIMITROULEAS

## **MOTION TO EXCLUDE THE "MARTY" CONVERSATIONS**

The government counters Zarcadoolas' Motion to Exclude Conversations by others that refer to "Marty" without further identification, by claiming in a non-sequitur, that the motion is "premature and infringes on the province of the jury by challenging . . . the weight to be given certain pieces of evidence." It is true that the purpose of the motion is to keep from the jurors statements by someone other than Zarcadoolas that refer to "Marty," without stating whether the speaker means Martin Zarcadoolas or co-defendant Martin Halpern. DeLoach v. United States, 307 F.2d 653, 655 (D.C. Cir. 1962) (excluding conversations about persons not properly identified).

The fact that the government anticipates "that additional co-defendants will plead guilty prior to trial and will also offer testimony regarding the court authorized interceptions." (Government Response, p.9), is the government's attempt at prematurely anticipating a possible non-event, and does not explain how these about-to-plead-guilty co-defendants will be able to identify "Marty."/[3]

---

[3]/ The government accuses Zarcadoolas of committing a "pretrial attempt to challenge . . . the relevance of certain pieces of evidence . . . ." Zarcadoolas agrees, because as soon as the prejudicial statements are played for the jurors, the damage is done. And, the government knows it.

CASE NO: 00-6154-CR-DIMITROULEAS

**THE PREJUDICIAL AND IRRELEVANT ORGANIZED CRIME REFERENCES IN THE INDICTMENT, AND ALLEGATIONS OF MURDER, ROBBERY AND THE LIKE, MUST BE STRICKEN**

Zarcadoolas asked the court to strike from this indictment references to organized crime, ("Columbo Family," "South Florida Crew"), and prejudicial allegations about "murder," "kidnaping," and "assault," because (1) the indictment does not claim that Zarcadoolas is an associate of organized crime figures or (2) that there will be proof that he was involved in these other violent, uncharged crimes.

The government's response proves Zarcadoolas's point - - it concedes that Zarcadoolas has nothing to do with the "Columbo Family" and that his role in this case is limited:

> Defendant Zarcadoolas acted as an agent of Rotunno's illegal gambling business and would place the bets of his underlying clientele with gambling offices, including those controlled by Rotunno and other co-conspirators.

Government Response, p.2./[4]

While the government is correct when it claims that "courts have long upheld references to organized crime as well as a defendants role within 'LCN,' despite the potential for prejudice . . . ." Government Response, p.10-11 (citing cases), it is also true that courts have struck those prejudicial references from indictments.

---

[4]/ The government's response leads off with a 2 ½ page synopsis of its case, almost all aimed at smearing co-defendant Rotunno. This one, three-line paragraph, and the afterthought that "Zarcadoolas engaged the extortionate services of Rotunno," (Government Response, p.3), is all the government has to say about Zarcadoolas.

CASE NO: 00-6154-CR-DIMITROULEAS

United States v. Hood, 200 F.2d 639, 642 (5th Cir. 1953). See also F.R.E. 403.

Respectfully submitted,

DAVID G. VINIKOOR, P.A.
420 S. E. Twelfth Street
Fort Lauderdale, FL 33116
Tel: (954) 522-2500
Fax: (954) 522-7278

By: _____
DAVID G. VINIKOOR

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of Martin Zarcadoolas' Reply to the Government Responses to his Various Pre-Trial Motions was furnished by mail this 25 day of September, 2000, to the following:

Paul F. Schwartz
Assistant U. S. Attorney
500 East Broward Boulevard
Suite 700
Fort Lauderdale, FL 33394

John Cotrone, Esquire
509 S. E. 9th Street
Fort Lauderdale, FL 33316
(Counsel for Michael Eddy)

H. Dohn Williams, Esquire
721 N. E. 3rd Avenue
Fort Lauderdale, FL 33304
(Counsel for Joseph Rotunno)

Michael Dutko, Esquire
600 South Andrews Avenue, Suite 500
Fort Lauderdale, FL 33301
(Counsel for Kaiser Akel)

William Norris, Esquire
3225 Aviation Avenue, Suite 300
Coconut Grove, FL 33133-4741
(Counsel for Percy Morris)

Thomas D. Sclafani, Esquire
200 East Broward Boulevard, Suite 1210
Fort Lauderdale, FL 33301
(Counsel for Richard D'Onofrio)

CASE NO: 00-6154-CR-DIMITROULEAS

| | |
|---|---|
| Dennis R. Bedard, Esquire<br>1717 North Bayshore Drive, Suite 102<br>Miami, FL 33132<br>(Counsel for Berk Caskill) | Herb Cohen, Esquire<br>200 S. E. 6th Street, Suite 205<br>Fort Lauderdale, FL 33301<br>(Counsel for Scott Miller) |
| Jim Stark, Esquire<br>524 South Andrews Avenue, Suite 304N<br>Fort Lauderdale, FL 33301<br>(Counsel for Gary Braeseke) | Michael Hursey, Esquire<br>One River Plaza, Suite 701<br>305 South Andrews Avenue<br>(Counsel for Jeanne Brooks) |
| Ira Loewy, Esquire<br>800 Brickell Avenue, PH #2<br>Miami, FL 33131<br>(Counsel for Martin Halpern) | Martin Bidwell, Esquire<br>Federal Public Defender's Office<br>101 N. E. 3rd Avenue, Suite 202<br>Fort Lauderdale, FL 33301-1100<br>(Attorney for Emro Capri) |
| Simon T. Steckel, Esquire<br>701 Brickell Avenue, Suite 3260<br>Miami, FL 33131<br>(Counsel for William Hawkins) | Larry Bronson, Esquire<br>80 Pine Street, 32nd Floor<br>New York, NY 10005<br>(Counsel for Barbara Drezek) |
| Philip R. Horowitz, Esquire<br>Southpark Centre<br>12651 South Dixie Highway<br>Miami, FL 33156<br>(Counsel for James Travers) | Raymond C. Miller, Esquire<br>400 S. E. Sixth Street<br>Fort Lauderdale, FL 33301<br>(Counsel for Martin Zarcadoolas) |
| Allen Kaufman, Esquire<br>2900 North Dixie Highway, Suite 201<br>Oakland Park, FL 33334<br>(Counsel for Reynolds Maragni) | |

By: *[signature]*
DAVID G. VINIKOOR

-6-