UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6154-CR-Dimitrouleas

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOSEPH ROTUNNO, et al., | ) |
| | ) |
| Defendants. | ) |

### GOVERNMENT'S RESPONSE TO COURT'S ORDER
### REGARDING AUTHORIZATION OF WIRETAP AND
### MOTION TO RECONSIDER EVIDENTIARY HEARING

The United States of America by and through its undersigned attorneys hereby responds to the Court's September 26, 2000 Order granting Defendant Zarcadoolas's request to reconsider the issue whether Deputy Assistant Attorney General Kevin V. DiGregory authorized the October 1998 wiretap application for Defendant Rotunno's cellular telephone, and setting an evidentiary on this issue for October 13, 2000. Because Zarcadoolas's motion to vacate is legally and factually insufficient to challenge DAAG DiGregory's authorization letter, the United States moves this Court to reconsider it's grant of an evidentiary hearing.

**PROCEDURAL HISTORY**

On September 11, 2000, Defendants Rotunno and Zarcadoolas separately filed motions to suppress evidence derived from the electronic surveillance conducted by the United States in the instant matter over the cellular telephone of Defendant Rotunno. In relevant part, Defendants argued that the government's wiretap application was defective because it had been improperly



approved by officials at the Department of Justice. On September 19, 2000, the government filed its response opposing Defendants' motions and explaining to this Court that at the time it submitted its October 1998 request for judicial authorization to intercept Rotunno's wire communications it had inadvertently collated the Department's authorization letter with a cover letter from the director of the Office of Enforcement Operations and had forwarded the miscollated letter to the district court. The United States attached to its response a correct copy of DAAG DiGregory's October 15, 1998 authorization letter, and set forth therein the relevant case law establishing that DAAG DiGregory's actual authorization of the wiretap application was sufficient, regardless of this office's clerical error.

On September 22, 2000, this Court issued an order denying Defendants' motions to suppress in full. On September 25, 2000, Defendant Zarcadoolas filed a motion to vacate the Court's Order arguing that it had been issued without the benefit of the defendants' replies and without full consideration of the defendants' arguments that DAAG DiGregory's signature had been affixed to the October 15, 1998 authorization letter via rubber stamp by an unknown third party. On September 26, 2000, this Court construed Defendants' replies as timely motions to reconsider its September 22, 2000 Order, and set for evidentiary hearing the singular question whether DAAG DiGregory authorized the wiretap application at issue. Defendants replies, however, are legally insufficient to challenge the presumed validity of DAAG DiGregory's October 1998 authorization letter, and are, in any event, factually baseless.

## DISCUSSION

As was set forth in the government's original response to Defendants' motions to suppress the Title III evidence, Kevin V. DiGregory is a Deputy Assistant Attorney General in

the Criminal Division of the United States Department of Justice. Pursuant to his position as a Deputy Assistant Attorney General, DiGregory is empowered by 18 U.S.C. § 2516 and the Attorney General's Order Number 1950-95 to authorize applications to a federal judge for judicial orders approving electronic surveillance. In accordance with these duties, in October 1998, DAAG DiGregory reviewed the government's request for permission to apply to the district court for judicial authorization to intercept the wire communications occurring over Rotunno's cellular telephone and approved the request by a signed letter dated October 15, 1998.

Despite this letter, defendants make the widely speculative and wholly unsupported claim that some unknown third party snuck into DAAG DiGregory's office while he was out and affixed a "rubber stamp" of his signature to the October 1998 Rotunno wiretap authorization letter after the close of the regular business day, thereby rendering the letter ineffective. (Rotunno reply at 3 n.2; Zarcadoolas mot. to vacate at 3 n.2). Defendants offer no evidence in support of their self-serving conjecture.

A designee whose high office gives him the statutory power to authorize electronic surveillance orders is presumed to have properly exercised that power and the conditions precedent are presumed to have been met unless the defendants offer evidence, apart from mere conjecture or speculation, to rebut this presumption. United States v. O'Connell, 841 F.2d 1408, 1416 (8th Cir. 1987); United States v. Newman, 733 F.2d 1395, 1398 (10th Cir. 1984) (wiretap authorization is presumed proper); United States v. Terry, 702 F.2d 299, 311 (2d Cir. 1983) (designees presumed to have properly exercised power to authorize wiretap applications, which defendants must offer evidence apart from speculation to rebut); United States v. Jabara, 618 F.2d 1319, 1326-27 (9th Cir. 1980) (defendant offered no evidence aside from conjecture and

speculation to rebut presumed validity of Assistant Attorney General's signature on wiretap authorization) citing United States v. Feldman, 535 F.2d 1175, 1180-81 (9th Cir. 1976); and cf. United States v. Nunez, 877 F.2d 1470, 1472-73 (10th Cir. 1989) (defendant's speculation failed to overcome the presumption of regularity regarding the court's wiretap order).

In the face of this presumption, Defendants have offered only abject speculation. DAAG DiGregory, however, is presumed to have properly exercised his statutory authorization power, which includes affixing his signature to the letter. Defendants bald assumptions are legally insufficient to rebut this presumption of validity and should, therefore, be dismissed by this Court.

In any event, as the attached affidavit of DAAG DiGregory sets forth, DAAG DiGregory reviewed the October 1998 request of the United States Attorney's Office for authority to apply for a wiretap over Rotunno's cellular telephone and approved the same. (Attachment A). He thereafter affixed his original signature to the authorization letter, subsequently sent by facsimile to this office. Further, DAAG DiGregory, at the government's request, has since reviewed the October 15, 1998 letter and has confirmed that it indeed bears his original signature.[1] In light of DAAG DiGregory's affidavit, Defendants' speculative claims regarding DiGregory's signature have no underlying basis in fact.

## CONCLUSION

The United States respectfully requests that the Court reconsider its grant of an

---

[1] The government has attached to its moving papers a color copy of the original letter so that the Court may more easily examine DAAG DiGregory's original signature. The government notes that the signature appears in blue ink whereas that portion of the signature block setting forth in block face DAAG DiGregory's name and title appear in black ink. (Attachment B).

-4-

evidentiary hearing on this issue and deny Defendants' motions to suppress the electronic surveillance conducted herein in all respects.

DATED this ___3___ day of October 2000.

Respectfully Submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: Paul F. Schwartz
Assistant United States Attorney
Court ID # A5500086

Julia J. Stiller
U.S. Department of Justice Trial Attorney
Court ID # A5500485
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33394
(954) 356-7255

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to the below named on this ___3___ day of October, 2000.

Allen Kaufman, Esquire
2900 N. Dixie Highway, Suite 201
Oakland Park, FL 33334
(Counsel for Reynolds Maragni)

Philip R. Horowitz, Esquire
Southpark Centre
12651 S. Dixie Highway
Miami, FL 33156
(Counsel for James Travers)

H. Dohn Williams, Esquire
721 N.E. 3rd Avenue
Fort Lauderdale, FL 33304
(Counsel for Joseph Rotunno)

Raymond Miller, Esquire
400 Southeast Sixth St.
Fort Lauderdale, FL 33301
(Counsel for Martin Zarcadoolas)

William Norris, Esquire
3225 Aviation Avenue, Suite 300
Coconut Grove, FL 33133-4741
(Counsel for Percy Morris)

David Vinikoor, Esquire
420 S.E. Twelfth St.
Fort Lauderdale, FL 33316
(Counsel for Martin Zarcadoolas)

Dennis R. Bedard, Esquire
1717 N. Bayshore Dr., Suite 102
Miami, FL 33132
(Counsel for Bert Caskill)

John Cotrone, Esquire
509 S.E. 9th St.
Fort Lauderdale, FL 33316
(Counsel for Michael Eddy)

James Stark, Esquire
524 S. Andrews Ave., Suite 304N
Fort Lauderdale, FL 33301
(Counsel for Gary Braeseke)

Michael Dutko, Esquire
600 South Andrews Ave., Suite 500
Fort Lauderdale, FL 33301
(Counsel for Kaiser Akel)

Ted Klein, Esquire
800 Brickell Avenue, Penthouse #2
Miami, FL 33131
(Counsel for Martin Halpern)

Thomas D. Sclafani, Esquire
200 East Broward Blvd., Suite 1210
Fort Lauderdale, FL 33301
(Counsel for Richard D'Onofrio)

Simon T. Steckel, Esquire
701 Brickell Ave., Suite 3260
Miami, FL 33131
(Counsel for William Hawkins)

Herb Cohen, Esquire
200 S.E. 6th St., Suite 205
Fort Lauderdale, FL 33301
(Counsel for Scott Miller)
(Counsel for Daniel Meisel)

Martin Bidwell, Esquire
Federal Public Defender's Office
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, FL 33301-1100
(Attorney for Emro Capri)

Michael Hursey, Esquire
One River Plaza
305 S. Andrews Avenue, Suite 701
Fort Lauderdale, FL 33301-1853
(Counsel for Jeanne Brooks)

Larry Bronson, Esquire
80 Pine St., 32nd Floor
New York, NY 10005
(Counsel for Barbara Drezek)

JULIA J. STILLER
TRIAL ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6154-CR-DIMITROULEAS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOSEPH ROTUNNO, et al. | ) |
| Defendants. | ) |
| _____ | ) |

## AFFIDAVIT OF KEVIN V. DIGREGORY

I, Kevin V. DiGregory, declare the following to be true and correct:

1. I am a Deputy Assistant Attorney General in the Criminal Division of the United States Department of Justice.

2. Pursuant to the Attorney General's Order Number 1950-95, I am specially designated to authorize applications to a Federal judge of competent jurisdiction for orders authorizing or approving the interception of wire or oral communications by the Federal Bureau of Investigation or a Federal agency having responsibility for the investigation of the offense(s) as to which such application is made, when such interception may provide evidence of any of the offenses specified in section 2516 of Title 18, United States Code.

3. In accordance with my duties as a Deputy Assistant Attorney General and the Attorney General's Order Number 1950-95, I reviewed the October 1998 request by the United States Attorney's Office for the Southern District of Florida for authority to apply for a judicial order authorizing the interception of wire communications over the cellular telephone of Joseph Rotunno.

4. I approved the request by that office for authority to apply for a judicial order authorizing the interception of wire communications over the cellular telephone of Joseph Rotunno, and affixed to the authorization letter dated October 15, 1998 my original signature.

5. I have reviewed my October 15, 1998 letter authorizing the United States Attorney's Office for the Southern District of Florida to apply for a judicial order authorizing the interception

of wire communications over Joseph Rotunno's cellular telephone and have confirmed that it bears my original signature on the second page over that portion of the document setting forth in block face my name and title.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of September, 2000.

Kevin V. DiGregory
Deputy Assistant Attorney General
Criminal Division
United States Department of Justice

-2-



**U.S. Department of Justice**

*FDH:MHK:JPW:PJ:pj*

*Washington, D.C. 20530*

OCT 16

**MEMORANDUM**

TO: Frederick D. Hess, Director
Office of Enforcement Operations
Criminal Division

FROM: James K. Robinson
Assistant Attorney General
Criminal Division

SUBJECT: Authorization for Interception Order Application

This is with regard to your recommendation that I, an appropriately designated official of the Criminal Division, authorize an application to a federal judge of competent jurisdiction for an order under Title 18, United States Code, Section 2518, authorizing for a thirty (30) day period the interception of wire communications to and from the cellular telephone bearing the number (954) 295-6672, subscribed to by Joseph Rotunno, 1700 N. St. Rd. 7, Hollywood, Florida, in connection with an investigation into possible violations of Title 18, United States Code, Sections 2, 371, 892, 893, 894, 1952, 1955, 1962, 2314, and 2315, by Joseph Rotunno, Albert Polito, Emro Capri, Fred Scarola, Howard Mandel, Reynold Maragni, and others as yet unknown.

By virtue of the authority vested in the Attorney General of the United States by Section 2516 of Title 18, United States Code, the Attorney General has by Order Number 1950-95, dated February 13, 1995, designated specific officials in the Criminal Division to authorize applications for court orders authorizing the interception of wire or oral communications. As a duly designated official in the Criminal Division, this power is exercisable by me. WHEREFORE, acting under this delegated power, I hereby authorize the above-described application to be made by any investigative or law enforcement officer of the United States as defined in Section 2510(7) of Title 18, United States Code.

The authorization given is intended to apply not only to the target telephone number listed above, but to any changed telephone numbers, or any other telephone numbers, subsequently assigned to or used by the instrument bearing the same electronic serial number as the target cellular telephone within the thirty-day period. The authorization is also intended to apply to background conversations intercepted in the vicinity of the target telephone while the telephone is off the hook or otherwise in use.

                                                James K. Robinson
                                                Assistant Attorney General
                                                Criminal Division

                                                15
                                                Date

                                                Kevin V. DiGregory
                                                Deputy Assistant Attorney General