UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO: 00-6154-CR-DIMITROULEAS

    Plaintiff,

vs.

MARTIN ZARCADOOLAS,

    Defendant.
_____/

## MARTIN ZARCADOOLAS' RESPONSE TO THE GOVERNMENT'S MOTION TO RECONSIDER EVIDENTIARY HEARING

Martin Zarcadoolas (Zarcadoolas), filed a motion in which he sought to suppress both recordings of statements, and testimony concerning statements, made by him that were intercepted as a result of an intercept order (and an extension order) and to suppress all evidence derived by the government as a result of these intercepts. Zarcadoolas' motion was grounded primarily on the government's noncompliance with 18 U.S.C. §25.16, which requires the government's application to the district court for an intercept order to be authorized by a select group of justice department officials. Specifically, Zarcadoolas claimed that the required "authorization" was not submitted to the district court and that Deputy Assistant Attorney General DiGregory, who the government belatedly claimed authorized the application, did not actually sign the authorization memo. The government responded to that motion by asking the court to take its word that the United States requested and received internal authorization to seek the electronic surveillance order from Deputy Assistant Attorney General DiGregory. Rather than



Case No: 00-6154-CR-DIMITROULEAS

immediately produce an affidavit by DiGregory, the government instead skirted the issue/[1] by advancing the argument that United States v. Chavez, 416 U.S. 562 (1974) and United States v. London, 66 F.3d 1227 (1st Cir. 1995), as well as other post Chavez cases, rebutted Zarcadoolas' serious and troubling questions about when, and if, the government complied with 18 U.S.C. §2516.

§2518(1)(a) provides that each application for a court order authorizing wire intercepts must include, among other information, "the *identity* of the ... officer authorizing the application." Similarly, §2518(4)(d) provides that the order of authorization or approval itself must specify, in part, "the *identity* of ... the person authorizing the application." Unlike our case, the wire intercept applications and wire intercept orders, which were the subjects of Chavez and London, all were "facially sufficient" with regard to the identity of the authorizing official:

> Here, the interception order clearly identified 'on its face' Assistant Attorney General Wilson as the person who authorized the application to be made. Under §2516(1), he properly could give such approval had he been specially designated to do so by the Attorney General as the order recited. That this has subsequently been shown to be incorrect does not detract from the facial sufficiency of the

---

[1]  This pattern of government conduct began when the government filed it's objection to Defendant Rotunno's Motion for Inspection of Original Wiretap Documents after undersigned counsel, on August 2, 2000, brought to the government's attention the fact that there appeared to be a problem with the authorization memorandum contained in the original wire intercept application submitted to Judge Ferguson, i.e. Hess authored a memo to himself.

Case No: 00-6154-CR-DIMITROULEAS

> order. Moreover, even if we were to look behind the order
> despite the clear 'on its face' language of §2518(10)(a)(ii), it
> appears that the Attorney General authorized the application...

Chavez, Id. at 572.

The holding in London, similarly relied upon a factual finding that a statutorily designated justice department official *on its face* authorized the interception application. Unlike our case, in London, William F. Weld, a statutorily designated justice department official signed the first page of the memorandum submitted to the district judge authorizing the application. Absolutely contrary to the facts in our case, the London court noted that:

> . . . nothing in the text of either page of the papers presented
> to the district court even remotely suggests that Hess, and not
> Weld, authorized the application./²

London, Id. at 1233.

In United States v. Acon, 513 F.2d 513 (3rd Cir. 1975), cited by the government in their response to Zarcadoolas' Motion to Suppress Evidence Derived from Electronic Surveillance, the government presented affidavits and interoffice memoranda *at a suppression hearing*. The court in Acon noted that:

---

²/    Apparently our case is not the first in which the government has potentially confused a district court judge reviewing a wire intercept application, by an authorization memorandum purportedly authored by Hess. In our case, however, all of the papers presented to Judge Ferguson suggested that Hess, and not a statutorily designated official, authorized the application.

-3-

> In Giordano and Chavez, the Supreme Court examined
> affidavits which varied the submitted identification
> information. Clearly an aggrieved party may impeach the
> information submitted by the government to the approved
> court.

Id. at 517.

"Defendants should have some opportunity to test the sufficiency of the government's documentation and the government should have an opportunity to try and remedy any perceived deficiency." United States v. Smith, 726 F.2d 852, 860 (1st Cir. 1984).

Two (2) months have elapsed since the government was first advised by undersigned counsel that there appeared to be a problem with the authorization memorandum in the original wire intercept application submitted to Judge Ferguson. In the interim, the defendants have filed a motion to inspect the original wiretap documents and the government filed its objection to the document inspection; the defendants filed motions to suppress wire intercepts and the government filed its response in opposition to suppression; this court entered an order denying suppression; the defendants filed replies to the government's suppression opposition responses and a motion to vacate the denial order and conduct an evidentiary hearing; and still the government failed to file an affidavit until this court finally vacated its denial order and scheduled an evidentiary hearing.

The affidavit, submitted by the government at the eleventh hour, on the eve of an evidentiary hearing ordered by this Court, as in Acon, should be the starting point for the

Case No: 00-6154-CR-DIMITROULEAS

evidentiary hearing rather than obviate the need for the hearing. The facial insufficiency of the government's "authorization" to apply for a wiretap and its consistent attempt to avoid an evidentiary inquiry into its paperwork mistakes raise questions which only can be resolved at an evidentiary hearing. Surely, it is not too much to ask for one hour, to inquire at an evidentiary hearing into the obvious facial irregularities of documents that sanctioned the greatest governmental intrusion into personal privacy known in a free society.

Respectfully submitted,

DAVID G. VINIKOOR, P.A.
420 S. E. Twelfth Street
Fort Lauderdale, FL 33116
Tel: (954) 522-2500
Fax: (954) 522-7278

By: _____
DAVID G. VINIKOOR
FL BAR #195719

Case No: 00-6154-CR-DIMITROULEAS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Martin Zarcadoolas' Response to the Government's Motion to Reconsider Evidentiary Hearing was furnished by hand delivery to the Clerk of the Court and by delivery mail this _____ day of October, 2000, to the following:

Paul F. Schwartz
Assistant U. S. Attorney
500 East Broward Boulevard
Suite 700
Fort Lauderdale, FL 33394

John Cotrone, Esquire
509 S. E. 9th Street
Fort Lauderdale, FL 33316
(Counsel for Michael Eddy)

H. Dohn Williams, Esquire
721 N. E. 3rd Avenue
Fort Lauderdale, FL 33304
(Counsel for Joseph Rotunno)

Michael Dutko, Esquire
600 South Andrews Avenue, Suite 500
Fort Lauderdale, FL 33301
(Counsel for Kaiser Akel)

William Norris, Esquire
3225 Aviation Avenue, Suite 300
Coconut Grove, FL 33133-4741
(Counsel for Percy Morris)

Thomas D. Sclafani, Esquire
200 East Broward Boulevard, Suite 1210
Fort Lauderdale, FL 33301
(Counsel for Richard D'Onofrio)

Dennis R. Bedard, Esquire
1717 North Bayshore Drive, Suite 102
Miami, FL 33132
(Counsel for Berk Caskill)

Herb Cohen, Esquire
200 S. E. 6th Street, Suite 205
Fort Lauderdale, FL 33301
(Counsel for Scott Miller)

Jim Stark, Esquire
524 South Andrews Avenue, Suite 304N
Fort Lauderdale, FL 33301
(Counsel for Gary Braeseke)

Michael Hursey, Esquire
One River Plaza, Suite 701
305 South Andrews Avenue
(Counsel for Jeanne Brooks)

-6-

Case No: 00-6154-CR-DIMITROULEAS

| | |
|---|---|
| Ira Loewy, Esquire<br>800 Brickell Avenue, PH #2<br>Miami, FL 33131<br>(Counsel for Martin Halpern) | Martin Bidwell, Esquire<br>Federal Public Defender's Office<br>101 N. E. 3rd Avenue, Suite 202<br>Fort Lauderdale, FL 33301-1100<br>(Attorney for Emro Capri) |
| Simon T. Steckel, Esquire<br>701 Brickell Avenue, Suite 3260<br>Miami, FL 33131<br>(Counsel for William Hawkins) | Larry Bronson, Esquire<br>80 Pine Street, 32nd Floor<br>New York, NY 10005<br>(Counsel for Barbara Drezek) |
| Philip R. Horowitz, Esquire<br>Southpark Centre<br>12651 South Dixie Highway<br>Miami, FL 33156<br>(Counsel for James Travers) | Raymond C. Miller, Esquire<br>400 S. E. Sixth Street<br>Fort Lauderdale, FL 33301<br>(Counsel for Martin Zarcadoolas) |

Allen Kaufman, Esquire
2900 North Dixie Highway, Suite 201
Oakland Park, FL 33334
(Counsel for Reynolds Maragni)

By: _____
     DAVID G. VINIKOOR