UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6154-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARTIN ZARCADOOLAS,

        Defendant.
_____/

GOVERNMENT'S RESPONSE TO DEFENDANT'S
OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

Comes now the United States of America by and through undersigned counsel and respectfully responds in opposition to defendant's objections to the Presentence Investigation Report (PSI). In support thereof the government states the following:

1. The government's recitation of the offense conduct described in paragraph 10 of the PSI is correct. Co-defendant Rotunno coordinated the illegal collection activities of members of the criminal enterprise. Rotunno advised Zarcadoolas and other enterprise members as to the extortionate collection of gambling wagers. On October 16, 1998, a court-authorized interception was made on Rotunno's telephone. Rotunno placed a call to Zarcadoolas. Rotunno and Zarcadoolas discussed "grabbing a guy" who owed $8,000 as a result of a gambling loss. On November 5, 1998, a court-authorized interception was made on Rotunno's telephone. Rotunno had a conversation with Zarcadoolas. Zarcadoolas told Rotunno that Ray Picada owed Rotunno $30,000 as a result of bettors he referred

to the illegal gambling business. Zarcadoolas told Rotunno that Picada was "bad mouthing" Rotunno and had used Rotunno's name. Rotunno told Zarcadoolas to "go ahead and break his head." Rotunno stated that he would find Picada and would "bring my boys." On November 11, 1998, a court-authorized interception was made on Rotunno's telephone. Rotunno had a conversation with Zarcadoolas. Rotunno stated "I grabbed that other kid for you, too." Rotunno further stated "and I told him, you come up with this f--king money, you embarrass me. Otherwise I'll let three guys go to work on you."

The above-recited conversations reflect that Rotunno coordinated extortionate collection activities on behalf of Zarcadoolas' and other enterprise members regarding the illegal gambling business. The conversations further reflect the threats of force and violence discussed by Rotunno and Zarcadoolas in furtherance of the collection activities.

2. The role assessment described in paragraph 17 of the PSI is correct. Zarcadoolas' level of culpability is correctly recited. It is difficult to understand the defendant's objections to the role assessment since no aggravating role adjustment is recommended.

3. Substance abuse - paragraph 47. The PSI clearly reflects the defendant's candid and true assertions regarding his lack of necessity for substance abuse counseling. The defendant's pending objection is an obvious attempt to obtain a reduction of the

sentence of incarceration through participation in a drug abuse program.

4. Education - No response by the government.

5. Employment record - the government's evidence demonstrates that defendant participated in a sophisticated illegal gambling business and voluntarily associated himself with co-defendant Rotunno in order to obtain assistance in the collection of gambling debts through extortionate means. Defendant's alleged addiction to gambling does not explain his participation in the criminal enterprise.

WHEREFORE, based upon the foregoing, the government respectfully requests that defendant's objections to the PSI be denied.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *[signature]*

PAUL F. SCHWARTZ
ASSISTANT UNITED STATES ATTORNEY
Court ID #: A5500086
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida  33394
Telephone: (954) 356-7392
Facsimile: (954) 356-7230

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to the below named on this  2 6   day of December, 2000.

David Vinikoor, Esquire
420 S.E. 12th St.
Fort Lauderdale, FL 33394

Raymond Miller, Esquire
400 S.E. 6th St.
Fort Lauderdale, FL 33301

_____
PAUL F. SCHWARTZ
ASSISTANT UNITED STATES ATTORNEY

4